THE STATE, EX REL. WELLS, APPELLANT, *v.* HENNESSEY, JUDGE, APPELLEE.

[Cite as State, ex rel. Wells, v. Hennessey (1974), 37 Ohio St. 2d 37.]

(No. 73-730—Decided January 23, 1974.)

*Messrs. Cain & Lobo, Mr. Arthur L. Cain* and *Mr. Robert Bruce Henn,* for appellant.

*Mr. H. E. Whitaker,* law director, for appellee.

38

*Per Curiam.* Relator does not claim to be indigent, nor was any claim of indigency urged before the trial court. His only contention is that, since counsel are appointed for indigent defendants, the denial of appointed counsel to any defendant, regardless of indigency, is a denial of equal protection of the laws.

Relator cites no court decision or any statute which imposes any duty upon a trial judge to appoint counsel for a nonindigent defendant. He has failed to show the existence of any clear legal duty on the part of respondent judge to appoint counsel in this case.

The complaint in mandamus failing to state any claim upon which the writ of mandamus should issue, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.