TRAVELERS INDEMNITY CO., APPELLEE, *v.* REDDICK ET AL.,
APPELLANTS.

[Cite as Travelers Indemnity Co. v. Reddick (1974),
37 Ohio St. 2d 119.]

(No. 73-520—Decided March 6, 1974.)

120

*Messrs. Eastman, Stichter, Smith & Bergman* and *Mr. M. Donald Carmin*, for appellee.

*Mr. Jack M. Lenavitt*, for appellants.

HERBERT, J. It is appellants' contention that under the interpretation placed upon the phrase "physical contact" by the insurance company, the uninsured motorist provision contained in the policy is contrary to and violates the public policy of this state as indicated by the adoption of R. C. 3937.18. That statute requires insurers selling automobile liability insurance in Ohio to offer coverage for injuries sustained through the operation of motor vehicles by uninsured motorists. Appellants assert that the phrase "physical contact," as used in the policy, is unclear and ambiguous. They urge that a proper construction in favor

of the insured, and compatible with R. C. 3937.18, would allow recovery under the "hit-and-run" coverage of the policy, notwithstanding the absence of contact between the unidentified and the insured's vehicles.

For an interpretation of the phrase "physical contact," the touchstone of the inquiry should be the contract of insurance itself. In its coverage for uninsured motorists, the policy, in pertinent part, provides:

"The company will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured * * *."

"Uninsured highway vehicle" is defined to include a "hit-and-run vehicle," which is further defined as:

"* * * a highway vehicle which causes bodily injury to the insured arising out of *physical contact* of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident * * *." (Emphasis added.)

When concerned solely with issues of ambiguity, the rules governing construction of contracts of insurance are well settled in this state. As appellants argue, this court has held on numerous occasions that where the meaning of language used in a contract of insurance is doubtful, uncertain, or ambiguous, the language will be construed strictly against the insurer, the party who prepared the contract. *E. g., Munchick* v. *Fidelity & Casualty Co.* (1965), 2 Ohio St. 2d 303, 209 N. E. 2d 167; *Yeager* v. *Pacific Mutual Life Ins. Co.* (1956), 166 Ohio St. 71, 139 N. E. 2d 48; *American Policyholders Ins. Co.* v. *Michota* (1952), 156 Ohio St. 578, 103 N. E. 2d 817.

Conversely, "* * * when words used in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless the plain meaning would lead to an absurd result." *Olmstead* v. *Lumbermens Mutl. Ins. Co.* (1970), 22 Ohio St. 2d 212, 216, 259 N. E. 2d 123. See, also, *Jackson* v. *Metropolitan Life Ins. Co.* (1973), 34 Ohio St. 2d 138, 296 N. E. 2d 679;

122

*Jirousek* v. *Prudential Ins. Co.* (1971), 27 Ohio St. 2d 62, 271 N. E. 2d 866.

We find nothing uncertain or ambiguous about the words used in this policy to define "hit-and-run vehicle," or to establish the requirement of "physical contact." Giving the wording of the policy its natural and reasonable construction, the only conclusion to be reached is that the policy does not provide coverage for injuries sustained by reason of the tortious operational conduct by drivers of unidentified vehicles, in the absence of at least a minimal contact between such a vehicle and the insured or the vehicle he is occupying. The rubric "hit-and-run vehicle," encompassing a "hit," as well as a "run," further buttresses the express prerequisite of a "physical contact." Were we to accept the construction urged by appellants, we would be disregarding the words "physical contact" and "hit-and-run vehicle," and allowing recovery under the "hit-and-run" portion of the uninsured motorist provision whenever unidentified vehicles "proximately cause" an automobile accident to occur. Barring certain well-defined overriding principles, this should not be done where the parties have clearly and expressly provided otherwise in the policy.

Our view is shared by the only other Ohio court which has directly perused the question, *Buckeye Union Ins. Co.* v. *Cooperman* (1972), 33 Ohio App. 2d 152, 293 N. E. 2d 293, as well as by many of the decisions of other courts which have considered the validity of the "physical contact" requirement. Representative of such cases are *Lawrence* v. *Beneficial Fire & Cas. Ins. Co.* (1968), 8 Ariz. App. 155, 444 P. 2d 446; *Ely* v. *State Farm Mutual Auto. Ins. Co.* (**Ind.** App. 1971), 268 N. E. 2d 316; *Aetna Cas. & Surety Co.* v. *Head* (Miss. 1970), 240 So. 2d 280; *Matter of Smith* (*Great American Ins. Co.*) (1971), 29 N. Y. 2d 116, 272 N. E. 2d 528; *Smith* v. *Allstate Ins. Co.* (1970), 224 Tenn. 423, 456 S. W. 2d 654; and *Amidzich* v. *Charter Oak Fire Ins. Co.* (1969), 44 Wis. 2d 45, 170 N. W. 2d 813. In each of the foregoing cases, an unidentified vehicle, without making physical contact with any of the vehicles involved in the

accident, set in motion the chain of events leading to the injury of the insured. In each decision recovery under an uninsured motorist provision, similar to the one in the case at bar, was denied on the basis of the failure to satisfy the "physical contact" requirement.

Appellants urge, however, that construing the uninsured motorist provision to require actual physical contact between the insured and the "hit-and-run" vehicle contradicts the public policy of Ohio evidenced by the adoption of R. C. 3937.18. It is their contention that the requirement of "physical contact" unduly restricts the purposes and intent of the General Assembly in enacting R. C. 3937.-18, and is invalid under the rationale of this court's decisions in *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, 294 N. E. 2d 665; *Curran* v. *State Auto Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 266 N. E. 2d 566; and *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161.

R. C. 3937.18 provides, in pertinent part:

"No automobile * * * policy of insurance * * * shall be * * * issued * * * unless coverage is provided therein * * * for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *."

*Bartlett, Curran,* and *Abate* articulated the purposes behind R. C. 3937.18. The design of Ohio's uninsured motorist coverage is to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. *Abate, supra* (22 Ohio St. 2d 161). Therefore, R. C. 3937.18 will be construed liberally in order to effectuate the legislative purpose that coverage be provided to persons who are injured through the acts of uninsured motorists. *Curran, supra* (25 Ohio St. 2d 33). Notwithstanding clear and unambiguous language, this court will set aside provisions in contracts between private parties which are contrary to the public policy of the state. As was stated in *Bartlett, supra* (33 Ohio St. 2d 50), at page

53: "Private parties are without power to insert enforceable provisions in their contracts of insurance which would restrict coverage in a manner contrary to the intent of the statute."

However, the *Bartlett* line of decisions is inapposite. Each of those cases involved policy provisions implementing the statutorily mandated uninsured motorist coverage and purporting to limit the coverage in some manner clearly contrary to the statute. In the present case, the "hit-and-run" coverage provided by the insurer represents an extension of coverage beyond that required by the statute, as R. C. 3937.18 requires coverage only for injuries caused by *uninsured* motorists.

Nor is the "physical contact" requirement unreasonable. The purpose of the requirement is obvious—to provide an objective standard of corroboration of the existence of an "hit-and-run" vehicle to prevent the filing of fraudulent claims. It also serves "* * * to define the risk underwritten by the insurers * * * so that fulfillment of the liberal aims of the law is not incompatible with the economic realities of insurance coverage." *Ely* v. *State Farm Mutual Auto. Ins. Co., supra,* at page 319.

Words which have a plain and commonly understood meaning ought not to be rationalized to a different meaning in an attempt to avoid the results of reading them as they are. If insurers are to be required to provide protection against injuries sustained in automobile accidents caused by all unidentified vehicles, without the "physical contact" restriction, it is a requirement for the General Assembly to enunciate and not the courts. The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.