PROGRESSIVE CASUALTY INSURANCE CO., APPELLANT, *v.* MASTIN ET AL., APPELLEES.

(No. C-810556—Decided April 21, 1982.)

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Joseph W. Gelwicks,* for appellant.

*Mr. Steven R. Swillinger,* for appellees Mastin.

*Messrs. Lindhorst & Dreidame* and *Mr. J. Roger Blust,* for appellees Benjamin and Norwood Cab Co.

PALMER, P.J. The instant action commenced with the filing of a complaint by plaintiff-appellant, Progressive Casualty Insurance Company, seeking a declaratory judgment against the various defendants-appellees to the effect that the damages sustained by its insureds, James C. Mastin and Mary G. Mastin, in an automobile collision were not compensable under their insurance policy with appellant. The subject accident occurred on January 19, 1980, and resulted from an unidentified automobile negligently colliding with a cab operated by Arnold Benjamin and owned by Norwood Cab Com-

pany, Inc., causing the cab to cross the center line and collide with the Mastin automobile. For the purpose of the instant dispute, there is no question that the phantom vehicle collided with the cab, but did not itself physically touch the Mastin vehicle.

Thereafter, the Mastins presented a claim to appellant, their insurer, for personal injuries resulting from the accident under the clause pertaining to uninsured motorist coverage, which expressly includes within its scope damages flowing from a "hit-and-run automobile," but further defines that term as follows:

"[A]n automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident * * *."

Notably, the policy does not define or further describe the term "physical contact."

On the basis of these facts, appellant denied coverage for the Mastins' injuries and sought a judicial determination sustaining this position, asserting specifically that since there was no direct contact between the phantom vehicle and the Mastin vehicle, the above-quoted clause precluded recovery under the policy. Subsequently, all the parties filed motions for summary judgment. Upon consideration of the pleadings, interrogatories, memoranda of law and arguments of counsel, the trial court concluded that the language of the policy fairly embraced the Mastins' claim, and granted appellees' motions for summary judgment, while overruling that of appellant. From this judgment, appellant has taken this timely appeal in which it asserts in a single assignment of error that the trial court erred in this determination. For the reasons stated below, we disagree.

Specifically, appellant asserts that the language of the contract is clear and unambiguous in that the term "physical contact" admits of ready and un-complicated understanding and, hence, this court is precluded from construing the term in any fashion other than one leading to the conclusion that under the terms of the policy, direct physical contact between the phantom vehicle and the insured vehicle is a condition precedent to recovery. In support of this proposition, appellant relies exclusively upon *Travelers Indemn. Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119 [66 O.O.2d 259], in which the Supreme Court of Ohio reaffirmed its position that the "physical contact" requirement was neither ambiguous nor in contravention of R.C. 3937.18, and further held that recovery under such a provision was barred where there was no proof that the hit-and-run vehicle had made physical contact with any of the vehicles in the accident. Thus, argues appellant, *Travelers* requires direct physical contact between the insured and the phantom vehicle. This construction and application of *Travelers,* however, is mandated by neither the facts presented in *Travelers* nor the rationale underlying that decision.

The first thing to be noted in the *Travelers* case is that there was *no* contact of any sort between the hit-and-run vehicle and any of the other vehicles involved in the accident. The former vehicle was so operated that it caused another automobile to swerve out of its path to avoid a collision and, in so doing, to strike the automobile of the insured claimants. Under such circumstances, said the court, there was neither a "hit-and-run" vehicle (since it "hit" nothing) nor any "physical contact" between it and the claimant. Quoting the rubric that, "* *'* when words used in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless the plain meaning would lead to an absurd result," *Olmstead* v. *Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St. 2d 212, 216 [52 O.O.2d 267], the Supreme Court held that there could be no coverage "* * * in the absence of at

least minimal contact between such a vehicle and the insured or the vehicle he is occupying." *Travelers, supra,* at 122. This construction, noted the court, further comported with the obvious purpose of the "physical contact" requirement, *i.e.,* "* * * to provide an objective standard of corroboration of the existence of a 'hit-and-run' vehicle to prevent the filing of fraudulent claims." *Id.* at 124.

It is immediately apparent, when the *Travelers* case is compared to the instant case, that neither the facts of the former case nor the rationale supporting it are present here. In the instant case, unlike *Travelers,* there was indisputably a "hit-and-run" vehicle, and there was equally indisputably clear and obvious corroboration of a "hit-and-run" accident leaving no possible question of a fraudulent claim. The only question left, therefore, is whether the plain and ordinary meaning of "physical contact" includes a chain reaction accident of the instant type, or, as appellant would have it, must nevertheless be limited to the literal instance of A physically striking B.

Concluding that the plain and ordinary meaning of the phrase does not require the restrictive interpretation placed on it by appellant and would, indeed, lead to an absurd result if so adopted, we hold that the contractual requirement of "physical contact" was satisfied under the instant facts, and that coverage was then extended to the insureds. Were we to hold as appellant would have us, we would deny coverage in a case where a hit-and-run vehicle drove a large highway sign ahead of it into an insured's car, the sign interposing itself between the vehicle of the tortfeasor and that of the claimant preventing the sort of intimate and literal "physical contact" sought by appellant. We cannot conceive that anyone would deny such a result to be absurd; equally, we cannot see any difference between this instance and one in which hit-and-run vehicle A strikes vehicle B causing vehicle B to strike vehicle C. All are, in our judgment, instances of "physical contact" within the plain and ordinary meaning of the term.

We note, parenthetically, that while the *Travelers* court had before it a quite different issue and, in connection with its resolution, cited a number of authorities from other jurisdictions in support thereof, its comment characterizing these authorities is illuminating. Thus, in each cited case, said the Supreme Court:

"* * * an unidentified vehicle, *without making physical contact with any vehicle in the accident,* set in motion the chain of events leading to the injury of the insured." *Travelers, supra,* at 122-23 (emphasis added).

Surely it is not unfair to imply from this language that the Supreme Court was quite carefully distinguishing the rule in the case before it, and its supporting authority, from those cases, of which the instant case is an example, where physical contact *is* made with one of the vehicles in the accident, and that it contemplated, in drawing such distinction, an emergence of the rule to which our reasoning has led us herein.[1]

The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

BLACK and DOAN, JJ., concur.

---

[1] Our holding in this matter is in consonance with other jurisdictions which have had occasion to review identical contractual terms under statutory schemes substantively similar to that contained in R.C. 3937.18. See, *e.g., Motor Vehicle Acc. Indemn. Corp.* v. *Eisenberg* (1966), 18 N.Y.2d 1, 271 N.Y.Supp. 2d 641, 218 N.E. 2d 524; *Inter-Insurance Exchange of Automobile Club* v. *Lopez* (1965), 238 Cal. App. 2d 441, 47 Cal. Rptr. 834. See, also, Note, *Travelers Indemnity Co.* v. *Reddick:* Uninsured Motorist Coverage for Hit-and-Run Accidents — The "Physical Contact" Requirement (1974), 2 Ohio Northern L. Rev. 44.