Yurista, Appellee, *v.* Nationwide Mutual Insurance Company, Appellant.
Basford et al., Appellants, *v.* State Automobile Mutual Insurance Company, Appellee.

[Cite as Yurista *v.* Nationwide Mut. Ins. Co. (1985), 18 Ohio St. 3d 326.]

(Nos. 84-1166 and 84-1890—Decided July 31, 1985.)

328

*Murray & Murray Co., L.P.A.,* and *Kirk J. Delli Bovi,* for appellee Robert J. Yurista.

*Flynn, Py & Kruse Co., L.P.A.,* and *John A. Coppeler,* for appellant Nationwide Mutual Insurance Company.

*Bernard Law Offices, Bernard Bernard* and *Gary J. Pandora,* for appellants James W. Basford et al.

*Gingher & Christensen, Randall Rabe* and *John M. Mahota,* for appellee, State Automobile Mutual Insurance Company.

COOK, J. The issue these cases present is whether an insured can recover under an uninsured motorist provision in an automobile liability insurance policy which, as to "hit-and-run" vehicles, requires physical contact between the unidentified vehicle and the insured or the vehicle he is occupying at the time of the accident, when no such physical contact occurs at the time of said accident.

This issue was addressed and answered by this court in *Travelers Indemnity Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119 [66 O.O.2d 87], where we considered a similar hit-and-run provision in an automobile liability insurance policy definition of an uninsured motor vehicle. In *Travelers,* we held that such a restriction of coverage to accidents where the injury results from physical contact of the unidentified vehicle with the insured or the automobile occupied by him was compatible with R.C. 3937.18, the uninsured motorist statute, and with public policy.

The basis of our decision in *Travelers* was clearly set out at 122 where we stated:

"We find nothing uncertain or ambiguous about the words used in this policy to define 'hit-and-run vehicle,' or to establish the requirement of 'physical contact.' Giving the wording of the policy its natural and reasonable construction, the only conclusion to be reached is that the policy does not provide coverage for injuries sustained by reason of the tortious operational conduct by drivers of unidentified vehicles, in the absence of at least a minimal contact between such a vehicle and the insured or the vehicle he is occupying. The rubric 'hit-and-run vehicle,' encompassing a 'hit,' as well as a 'run,' further buttresses the express prerequisite of a 'physical contact.' Were we to accept the construction urged by appellants, we would be disregarding the words 'physical contact' and 'hit-and-run vehicle,' and allowing recovery under the 'hit-and-run' portion of the uninsured motorist provision whenever unidentified vehicles 'proximately cause' an automobile accident to occur. Barring certain well-defined overriding principles, this should not be done where the parties have clearly and expressly provided otherwise in the policy."

As we concluded in the last paragraph of *Travelers* at 124:

"Words which have a plain and commonly understood meaning ought not to be rationalized to a different meaning in an attempt to avoid the results of reading them as they are. If insurers are to be required to provide protection against injuries sustained in automobile accidents caused by all unidentified vehicles, without the 'physical contact' restriction, it is a requirement for the General Assembly to enunciate and not the courts * * *."

In *Yurista,* the court of appeals chose not to apply the policy's definition of a "hit-and-run vehicle" and the requirement of the policy as to "physical contact." The court allowed recovery where an alleged unidentified vehicle proximately caused an accident to occur. As we stated in *Travelers,* this should not be done where the parties have provided otherwise in the policy.

In *Basford,* the court of appeals and the trial court both recognized that, since there was no actual physical contact between the unidentified vehicle and Mr. Basford or the motor vehicle he was occupying, the "hit-and-run" provision of the policy did not apply.

As to case No. 84-1166, we must reverse the judgment of the court of appeals. The trial court properly denied Yurista's motion for summary judgment but erred in entering summary judgment in favor of Nationwide. In *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48, this court held that "Civ. R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." Since Nationwide did not move for summary judgment in the trial court but that court erroneously awarded it summary judgment, the cause is remanded to the trial court for further proceedings consistent with this opinion.

As to case No. 84-1890, the judgment of the court of appeals is affirmed.

> *Judgment reversed and cause remanded in*
> *case No. 84-1166.*
> *Judgment affirmed in*
> *case No. 84-1890.*

CELEBREZZE, C.J., LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

COOK, J., of the Eleventh Appellate District, sitting for DOUGLAS, J.

CLIFFORD F. BROWN, J., dissenting. The physical-contact rule set forth in *Travelers Indemnity Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119 [66 O.O.2d 189], establishes a rigid irrebuttable presumption which has no sound legal justification. The better-reasoned approach in hit-and-run ac-

cidents is the corroborative-evidence test which has been adopted by numerous jurisdictions.[1]

The adoption of the corroborative-evidence test will alleviate the present fundamental unfairness which has developed under the physical-contact requirement. It should be noted that the rationale of this court in *Travelers* was that "the purpose of the requirement [the physical-contact requirement] is obvious—to provide an objective standard of corroboration of the existence of a 'hit-and-run' vehicle to prevent the filing of fraudulent claims." *Id.* at 124. The corroborative-evidence test maintains this concern while eliminating the requirement that physical contact occur in every case before an injured party can recover. Physical contact would still be required in those cases where acceptable corroborative evidence is unavailable.

Appellate courts of this state have found the corroborative-evidence test to be a much more just standard and I concur. See *Progressive Cas. Ins. Co.* v. *Mastin* (1982), 4 Ohio App. 3d 86; *Yurista* v. *Nationwide Mut. Ins. Co.* (June 8, 1984), Ottawa App. No. OT-84-6, unreported. Therefore, I would reverse the judgment of the Court of Appeals for Franklin County in case No. 84-1890 and affirm the judgment of the Court of Appeals for Ottawa County in case No. 84-1166.

SWEENEY, J., concurs in foregoing dissenting opinion.

---

[1] See *State Farm Fire & Cas. Co.* v. *Lambert* (1973), 291 Ala. 645, 285 So. 2d 917; *Farmers Ins. Exchange* v. *McDermott* (1974), 34 Colo. App. 305, 527 P. 2d 918; *State Farm Mut. Auto. Ins. Co.* v. *Abramowicz* (Del. 1978), 386 A. 2d 670; *Brown* v. *Progressive Mut. Ins. Co.* (Fla. 1971), 249 So. 2d 429; *DeMello* v. *First Ins. Co. of Hawaii* (1974), 55 Haw. 519, 523 P. 2d 304; *Simpson* v. *Farmers Ins. Co.* (1979), 225 Kan. 508, 592 P. 2d 445; *Halseth* v. *State Farm Mut. Auto. Ins. Co.* (Minn. 1978), 268 N.W. 2d 730; *Commercial Union Assur. Co.* v. *Kaplan* (1977), 152 N.J.Super. 273, 377 A. 2d 957; *Montoya* v. *Dairyland Ins. Co.* (N.M. 1975), 394 F. Supp. 1337; *Biggs* v. *State Farm Mut. Ins. Co.* (Okla. 1977), 569 P. 2d 430; *Farmers Ins. Exchange* v. *Colton* (1972), 264 Ore. 210, 504 P. 2d 1041; *Webb* v. *United Services Auto. Assn.* (1974), 227 Pa. Super. 508, 323 A. 2d 737; *Clark* v. *Regent Ins. Co.* (S.D. 1978), 270 N.W. 2d 26; *Doe* v. *Brown* (1977), 203 Va. 508, 125 S.E. 2d 159; *Maurer* v. *Grange Ins. Assn.* (1977), 18 Wash. App. 197, 567 P. 2d 253.