STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, APPELLEE, *v.* ROWE ET AL., APPELLANTS.

[Cite as State Auto. Mut. Ins. Co. *v.* Rowe (1986), 28 Ohio St. 3d 143.]

(No. 85-2000—Decided December 24, 1986.)

*Cronquist, Smith, Marshall & Weaver* and *Jack F. Smith,* for appellee.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A.,* and *Anne L. Kilbane,* for appellants.

DOUGLAS, J. The initial issue presented in this case is whether an uninsured motorist liability policy clause that requires "physical contact" between the insured or the vehicle occupied by him and the vehicle of an unidentified motorist, as a condition of coverage, abrogates R.C. 3937.18 or contravenes public policy. We hold that it does not.

R.C. 3937.18 provides, in pertinent part:

"(A) No automobile * * * policy of insurance * * * shall be * * * issued for delivery in this state with respect to any motor vehicle registered * * * in this state unless both of the following are provided:

"(1) Uninsured motorist coverage * * *.

"(2) Underinsured motorist coverage * * *."

The uninsured motorist policy provisions provided coverage for insureds who suffer injury caused by motorists without insurance. The policy also provided coverage where the offending vehicle was unidentified providing there was actual physical contact with the insured or the automobile the insured was occupying.

Given a literal reading, the terms of R.C. 3937.18 mandate only that coverage be extended for injuries caused by identified uninsured (and underinsured) motorists. While public policy *may* require that insurers provide coverage to insureds who are injured by hit-and-run motorists, R.C. 3937.18 does not require coverage for injuries caused by unidentified motorists. Therefore, because the insurance policy in this case provided, in addition to the basic mandated uninsured coverage, coverage for injuries caused by an *unidentified* motorist, the policy actually provided more protection than that required by statute. The "physical contact" limitation set forth in the hit-and-run clause is, therefore, neither a violation of R.C. 3937.18 nor of public policy.

Accordingly, we are constrained to follow this court's holding in *Reddick, supra,* where we specifically held:

"An uninsured motorist provision of an automobile liability insurance policy which provides protection to one injured by a 'hit-and-run' automobile, but which restricts coverage to accidents where the injury results from physical contact of the unidentified vehicle with the insured or the automobile occupied by him, is compatible with R.C. 3937.18 and the public policy evidenced by its adoption." See, also, *Yurista, supra.*

Appellants argue, in the alternative, that an insured who is caused injury by an unidentified motorist, but is precluded from recovering under the "hit-and-run" clause because there was no physical contact with the unidentified motorist's vehicle, can recover under the uninsured automobile definitional clause (a) in the policy. In applying a plain-meaning interpretation to the words used in this policy, it is evident that clause (a) was intended to apply only to *identified,* uninsured motorists. The contract between the parties simply does not insure against injuries caused by *unidentified* motorists in the absence of physical contact. To read such coverage into this policy would require us to rewrite the contract of the parties and this we are not permitted or prepared to do. See *Hedrick* v. *Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, 44. Thus, an automobile liability insurance policy which provides coverage against injuries caused to an insured by an unidentified motorist may, consistent with R.C. 3937.18 and public policy, include a provision requiring actual physical

contact between the insured or the vehicle occupied by him and the unidentified vehicle. *Travelers Indemnity Co.* v. *Reddick, supra,* is approved and followed.

Accordingly, we conclude that appellants cannot recover under these uninsured motorist policy definitional clauses because the injury was not caused by an identified uninsured motorist nor was there any physical contact between the insureds or the vehicle they were occupying and the vehicle of an unidentified motorist.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The factual basis of this case is uncontroverted. An unidentified automobile suddenly veered into the path of Robert Rutkosky. Rutkosky caused his automobile to swerve across the center line to avoid a collision whereupon his automobile subsequently struck the car in which appellants, Carolyn Rowe and Peter Stefanisn, were passengers. This resulted in injuries to Rowe and Stefanisn.

The majority today holds that a "physical contact" requirement in the unidentified motorist provision of an insurance contract does not violate R.C. 3937.18 or public policy. Because I believe that the physical impact requirement is clearly in opposition to R.C. 3937.18, public policy, logic and common sense, I dissent from the decision reached today.

I take issue with the narrow definition of "hit-and-run" which the majority decision finds acceptable. "Hit-and-run" is a euphemistic expression which covers any accident where the tortfeasor leaves the scene of the accident after its occurrence, rather than face the consequences of his act. To allow the label "hit-and-run" to swallow the broader concept for which it stands, is to allow the triumph of form over substance. This I refuse to do.

The policy underlying the physical impact requirement was set forth in *Travelers Indemnity Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119, 124 [66 O.O.2d 259], wherein this court stated that "[t]he purpose of the requirement is obvious—to provide an objective standard of corroboration of the existence of an 'hit-and-run' vehicle to prevent the filing of fraudulent claims."

Such a policy is both an anachronism and a slap in the face of every juror who is not trusted to weigh all the testimony presented and to carry out his function by arriving at what he believes to be the truth as to the existence of the hit-and-run driver. The aforementioned policy declares every trier of fact to be incapable of determining whether a "hit-and-run"

motorist actually was involved in the accident and whether such a claim is fraudulent. This policy is repugnant to our system of justice.

Even if one accepts the validity of such a policy, the physical contact rule of *Reddick* established a rigid, irrebuttable presumption which has no sound legal justification. See *Yurista* v. *Nationwide Mut. Ins. Co.* (1985), 18 Ohio St. 3d 326, 330 (Clifford F. Brown, J., dissenting). In the case at bar, for example, the corroborative evidence consists of the uncontested testimony of a disinterested eyewitness. Yet, in spite of the fact that all of the parties are in agreement as to exactly what happened and that there is no indication of fraud in this claim, the innocent victims are left without a remedy. As I stated in my dissent in *Yurista, supra,* at 331, the corroborative-evidence test "will alleviate the present fundamental unfairness which has developed under the physical contact requirement. * * * The corroborative-evidence test maintains * * * [the policy concern of *Reddick*] while eliminating the requirement that physical contact occur in every case before an injured party can recover." Not only do many other jurisdictions agree,[2] but the corroborative-evidence test has been adopted by various courts of appeals in this state.[3]

Beyond this, the majority's reliance on *Reddick* is misplaced. The facts of *Reddick* contain a glaring inconsistency in relation to the facts of the case *sub judice*. In *Reddick* there was no disinterested witness, nor any

---

[2] See *Yurista, supra,* at 331, fn. 1 (Clifford F. Brown, J., dissenting), for a non-exclusive list of such jurisdictions.

[3] See, *e.g., Progressive Cas. Ins. Co.* v. *Mastin* (1982), 4 Ohio App. 3d 86; *Yurista* v. *Nationwide Mut. Ins. Co.* (June 8, 1984), Ottawa App. No. OT 84-6, unreported, reversed (1985), 18 Ohio St. 3d 326.

In *Yurista* (unreported), *supra,* for example, the available "corroborative evidence" included tiremarks, impact marks on a railroad tie and a police officer witness who reconstructed the accident scene from this evidence. Then Judge, now Justice Douglas, writing for the majority in *Yurista* at the court of appeals level, at 5-6, illustrated the ridiculous result of the physical impact requirement in a hypothetical factual scenario which, but for the direction in which the "hit-and-run" driver was moving, is virtually identical to the actual factual scenario of the instant action:

"*Where such corroborative evidence exists, however, we believe the application of the 'physical contact' requirement, whether direct or indirect, would work a fundamental unfairness and produce absurd results.* The following example should suffice to demonstrate the consequences of applying the *Travelers* case to situations in which corroborative evidence exists. A driver, seeing a vehicle approach him in his lane, swerves to avoid a head-on collision and hits another vehicle or some other object but is denied coverage, pursuant to the 'physical contact' requirement, notwithstanding the availability of several disinterested witnesses. In contemplating such a result, that *the driver in that situation is punished for avoiding a more serious collision,* we can only paraphrase Mr. Bumble in Dickens' *Oliver Twist* and think that if that is the law, then the law is 'a ass.' We believe, however, that the law should never be 'a ass' and, therefore, hold that where there is competent evidence of the existence of a 'hit-and-run' vehicle, the lack of direct or indirect 'physical contact' with that 'hit-and-run' vehicle will not bar an otherwise meritorious claim under the insured motorists provision of an insurance policy." (Emphasis added, footnote omitted.)

other evidence to corroborate the existence of the "hit-and-run" vehicle. This is in stark contrast to the disinterested eyewitness who testified in the instant action. In fact, the parties are all in complete agreement as to the existence of the hit-and-run driver and his fault in this accident. Furthermore, *Yurista* was but a blind and misguided wholesale adoption of *Reddick* and its narrow, hyper-technical definition of "hit-and-run" without even the most basic analysis as to the significant policy and factual differences between *Yurista* and *Reddick*.

Automobile owners obtain "blanket protection" and place themselves in the "good hands" of insurance carriers to protect themselves from both accidents for which they are to blame and accidents in which they are only the innocent victims of the negligence of others. These consumers believe, and are led to believe, that they are fully covered for any damage which befalls their automobiles or their persons. The majority today allows these people, who rightfully expect that their paid insurance premiums will result in compensation for injuries, to be left with nothing but a lawsuit which the courts will not allow them to win and the unanswered question of "just what is the purpose of auto insurance?"

Because I cannot be a party to the tremendous injustice which the majority today perpetrates upon the innocent victims of hit-and-run automobile accidents, I dissent from that decision.

SWEENEY, J., concurs in the foregoing dissenting opinion.