## Motorists Mut. Ins. Co.
## v.
## Brandenburg
*[Cite as 2 AOA 33]*

*Case No. C-890119*
*Hamilton County, (1st)*
*Decided April 18, 1990*

*R.C. 3937.18*

*Joseph W. Gelwicks, Esq., 900 Central Trust Tower, Cincinnati, Ohio 45202, for Plaintiff-Appellant,*

*Katzman, Logan & Halper and Philip A. Logan, Esq., 9000 Plainfield Road, Cincinnati, Ohio 45236, for Defendants-Appellees.*

GORMAN, J.

Plaintiff-appellant Motorists Mutual Insurance Company ("Motorists Mutual") appeals from the trial court's order which granted the motion for summary judgment of defendants-appellees, Billie and Carol Brandenburg, and overruled Motorists Mutual's cross-motion for summary judgment. The issue is whether the "hit-and-run" limitation under the uninsured-motorist provisions of Motorists Mutual's liability policy applies in a multiple-vehicle collision when an uninsured automobile has physical contact with an intermediate automobile, but not with the insured's

automobile. We hold that the trial court correctly granted summary judgment in favor of the Brandenburgs.

Motorists Mutual filed a complaint for declaratory judgment in the court of common pleas, seeking construction of the uninsured-motorist provisions in the policy of insurance it had issued to the Brandenburgs. It specifically requested a declaration of the policy's definition of an "uninsured motor vehicle," contending that a hit-and-run vehicle whose operator or owner cannot be identified must be a vehicle that actually "hits" the insured's vehicle.

The parties agreed that no material issues of fact existed and submitted the case to the trial court on a written stipulation that an unidentified hit-and-run truck collided with an intermediate automobile and caused that vehicle to swerve and to collide with the Brandenburgs' automobile. The parties further stipulated that the Brandenburgs submitted a claim for personal injuries to Motorists Mutual under the uninsured-motorists provision of their own policy.

Motorists Mutual concedes that "hit" as used in "hit-and-run" means "physical contact," see *Deinlein v. State Farm Mut. Ins. Co.* (March 27, 1989), Hamilton App. No. C-880228, unreported, but the insurer contends that the factual issue of "physical contact" should be resolved in its favor under the Ohio Supreme Court's decision in *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St. 3d 143, 502 N.E.2d 1008, which, it argues, inferentially reversed our holding in *Progressive Cas. Ins. Co. v. Mastin* (1982), 4 Ohio App. 3d 86, 446 N.E.2d 817.

*Mastin* involved interpretation of the term "physical contact," under a policy's "hit-and-run" coverage. We held that where an unidentified automobile negligently collided with a taxi cab, which in turn struck the insureds' automobile, the plain meaning of "physical contact" entitled the insureds to summary judgment since that interpretation more accurately comported with the commonly understood meaning of "hit-and-run" while still preserving the corroborative value of the contact requirement. We find no support for Motorists Mutual's assertions that despite the majority's silence in *Rowe*, it is implicit from the dissent that the term "physical contact" is distinguishable from proximate cause, and that the "corroborative evidence" test has been rejected as it applies to hit-and-run policy

limitations. We find that *Rowe*, which involved a non-contact collision, stands only for the proposition that when it is unambiguous, a "physical contact" limitation in a liability policy's hit-and-run clause violates neither R.C. 3937.18 nor public policy. Since the parties did not allege an ambiguity in the policy, we conclude that the trial court did not rewrite the insurance contract by entering summary judgment in favor of the Brandenburgs. See *Drage v. Mantifel* (1988), 49 Ohio App. 3d 63, ___ N.E.2d ___.

Accordingly, we overrule Motorists Mutual's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

KLUSMEIER, J., Concurs.
UTZ, P.J., Dissents.

UTZ, P.J. Dissenting.

The facts of this case are uncontroverted. On July 8, 1986, a multi-vehicle accident occurred at I-75 and Shephard Lane, in Hamilton County, Ohio. An unknown hit-and-run vehicle struck another vehicle and caused that intermediate vehicle to strike a third vehicle that was driven by appellee Billie Brandenburg. Brandenburg's vehicle had no physical contact with the unknown hit-and-run vehicle. Brandenburg and his wife, however, were insured under an insurance policy issued to them by the appellant, Motorists Mutual Insurance Company. Among other things, the policy provided the following with respect to the coverage here in dispute:

"Uninsured motor vehicle" means a land motor vehicle * * * which is a hit and run vehicle whose operator or owner cannot be identified and which hits: (a) you or any family member; (b) a vehicle which you or any family member are occupying; or (c) your covered auto."

The narrow issue to be determined is whether, under the specific terms of the policy, physical contact between the insured vehicle and the unidentified hit-and-run vehicle was necessary to afford coverage to the Brandenburgs.

The majority today holds that a "physical contact" requirement under the Brandenburgs' policy is met when an unidentified hit-and-run vehicle collides with an intermediate vehicle, and the intermediate vehicle, in turn, strikes the insured vehicle. See *Drage v. Mantifel* (1988), 49 Ohio App. 3d, ___ N.E.2d ___. Because I believe that direct physical contact between

the hit-and-run and vehicle and the insured vehicle is essential to trigger coverage under the applicable definitions set forth in the policy, I am unable to agree with the majority.

In my opinion, the majority's holding is contrary to *State Auto Mutual Ins. Co. v. Rowe* (1986), 28 Ohio St. 3d 143, 502 N.E.2d 1008, the syllabus of which provides:

"An automobile liability insurance policy which provides coverage against injuries caused to an insured by an unidentified motorist may, consistent with R.C. 3937.18 and public policy, include a provision requiring actual physical contact between the insured or the vehicle occupied by him and the unidentified vehicle." (*Travelers Indemnity Co. v. Reddick* [1974], 37 Ohio St. 2d 119, 308 N.E.2d 454, approved and followed.)

I am convinced that Motorists Mutual created here precisely what the *Rowe* holding explicitly recognized as a lawful restriction on coverage: a policy definition that, by its very terms, limited coverage to cases involving direct physical contact between an unidentified hit-and-run vehicle and an insured vehicle. In my view, such a conclusion is manifest from the use of the term "hit" in the context of the definition as a whole. See *Deinlein v. State Farm Mutual Ins. Co.* (Mar. 22, 1989), Hamilton App. No. C-880228, unreported (holding that the term "strike," as used in a contractual definition of hit-and-run coverage, required physical contact between the hit-and-run vehicle and the insured vehicle). That term, is its given context, has "a plain and commonly understood meaning [that] ought not to be rationalized to a different meaning in an attempt to avoid the results of reading [it as it is]." *Reddick, supra.*

I can find nothing uncertain or ambiguous about the use of the word "hit" in the policy to establish a requirement of direct physical contact. The contract between the parties simply does not insure against injuries caused by an unidentified motorist in the absence of direct physical contact. I am not willing, nor am I permitted, to rewrite the contract so as to extend coverage where none exists under the terms of the policy. I therefore dissent.