ATWOOD, Appellant,

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Appellee.**

[Cite as *Atwood v. State Farm Mut. Ins. Co.* (1990), 68 Ohio App.3d 179.]

Court of Appeals of Ohio,
Ross County.

No. 1574.

Decided June 20, 1990.

---

*William J. Corzine III*, for appellant.

*John Fosson*, for appellee.

---

GREY, Judge.

This is an appeal from an entry of the Ross County Common Pleas Court granting summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). We reverse.

On January 28, 1987, David Atwood was traveling eastbound on U.S. Route 50 when a piece of limestone fell from a passing truck, striking Atwood's vehicle. The limestone chunk broke through Atwood's windshield, fracturing his face and nose as well as cutting the corner of his left eye. On the date of the accident a policy of automobile insurance provided by State Farm was in full force and effect.

Atwood made a demand under the uninsured motorist provision of that policy. State Farm denied coverage.

On May 27, 1988, Atwood filed a complaint for declaratory judgment in the Ross County Court of Common Pleas. State Farm filed a motion for summary judgment and Atwood filed a memorandum contra that motion.

On February 2, 1989, the trial court granted State Farm's motion. Atwood appeals and assigns one error:

"The court below erred in granting defendant-appellee's motion for summary judgment."

 In order for a moving party to prevail on its motion for summary judgment, the trial court must determine that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law and that reasonable minds could come to one conclusion adverse to the party

against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

The policy of insurance issued by State Farm to Atwood contained uninsured motor vehicle coverage, including the following language:

"Uninsured Motor Vehicle means:

" * * * *

"2. 'hit and run' land motor vehicle whose owner or driver remains unknown and which strikes:

"(a) The insured or

"(b) The vehicle the insured is occupying and causes bodily injury to the insured."

Atwood asserts that the injuries he sustained as a result of the piece of limestone from the passing truck striking his windshield should have been covered by the above provision. Atwood further asserts that the limestone chunk hitting the windshield was a sufficient "striking" by an unknown vehicle to warrant uninsured motorist coverage.

In the case of *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008, the Ohio Supreme Court held that insurance companies were permitted to include "actual physical contact" restrictive clauses in their policies. At issue here is what "actual physical contact" means.

Appellee relies heavily on *Travelers Indemn. Co. v. Reddick* (1974), 37 Ohio St.2d 119, 66 O.O.2d 259, 308 N.E.2d 454, which was followed and approved in *Rowe, supra.* Both cases deal with the situation of a near miss. In *Reddick,* the driver swerved to avoid being hit by one car and hit another. In upholding the exclusion, the court held at 124, 66 O.O.2d at 262, 308 N.E.2d 457, that:

"Nor is the 'physical contact' requirement unreasonable. The purpose of the requirement is obvious—to provide an objective standard of corroboration of the existence of [a] 'hit and run' vehicle to prevent the filing of fraudulent claims. It also serves ' * * * to define the risk underwritten by the insurers * * * so that fulfillment of the liberal aims of the law is not incompatible with the economic realities of insurance coverage.' *Ely v. State Farm Mutual Auto. Ins. Co.* [ (1971) ], *supra* [148 Ind.App. 586, 268 N.E.2d 316], at page 319."

In *Rowe,* the facts were quite similar—the driver swerved, missed the one car and hit another—but the court's decision was directed more to the issue of whether this was an illegal restriction of uninsured coverage mandated by R.C. 3937.18.

Appellee argued, and the trial court accepted, a rather broad enlargement of the "physical contact" rule. The "physical contact" rule is designed, as was said in *Reddick*, to be " * * * an objective standard of corroboration * * *." There is no question of corroboration here; appellant has a smashed window and a fractured nose.

In *Yurista v. Nationwide Mut. Ins. Co.* (1985), 18 Ohio St.3d 326, 18 OBR 370, 481 N.E.2d 584, the court again relied on *Reddick* for the meaning of "physical contact" as a matter of contract law. The dissent in *Yurista* insisted that the "physical contact" rule was solely for the purpose of corroboration, *i.e.*, that it was a matter of evidence. Oddly enough, because there is corroboration here, appellee argues in convoluted reliance on *Yurista* that this is grounds for excluding the claim.

■ We would note that both *Reddick* and *Rowe* stand for the proposition that insurance policies are to be given their ordinary meaning and are not to be expanded by judicial fiat, but just as obviously, they are not to be reduced by glossological, tortured interpretations of ordinary policy language.

Appellee argues that once a part falls off the vehicle, it ceases to be part of that vehicle. This is a rather strained construction of the language.

■ R.C. 4513.31 requires that *all loads shall be properly secured:*

"No vehicle shall be driven or moved on any highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, shifting, leaking, or otherwise escaping therefrom."

Arguably, there could never be a violation of this statute if the load is not a part of the motor vehicle. Under appellee's theory in this case, the chunk of limestone was not part of the uninsured vehicle once it came loose. Applying that kind of reasoning to the criminal statute, one would argue that once the chunk of limestone fell, it was no longer part of the unsecured load.

A far more reasonable interpretation of the ordinary policy language was adopted by the Tenth District Court of Appeals in *Greer v. Cincinnati Ins. Co.* (June 28, 1988), Franklin App. No. 87AP–1232, unreported, 1988 WL 70507. In *Greer*, where part of a load of pipe fell off a truck and struck the vehicle following it, the court reasoned:

"We believe that given the liberal construction to be accorded the policy provision that such contact will satisfy the hit-and-run provision and that the load of a vehicle is properly considered as part of the vehicle while it remains on the vehicle. If the truck herein were transporting a pipe which extended a distance from the side of the vehicle and the pipe struck another vehicle causing injuries, there is no reason to distinguish the hit-and-run provision any differently than if the extension of the bumper struck the covered vehicle.

The part of the load which extends from the vehicle and causes physical damage upon contact constitutes contact with the vehicle under the uninsured motorist policy provision. Extending this reasoning, that same pipe which escapes from the vehicle should be considered part of the vehicle until it comes to rest, just as a tire or a muffler which comes loose is considered part of the vehicle until it has lost the momentum caused by the speed of the vehicle. Indirect contact caused by the force of the unidentified vehicle has been recognized within the hit-and-run provision where the object which was struck by the unidentified vehicle had physical contact with the insured vehicle without first coming to rest. See *Progressive Cas. Ins. Co. v. Mastin* (1982), 4 Ohio App.3d 86 [4 OBR 167, 446 N.E.2d 817]."

We find the *Greer* opinion persuasive and adopt its reasoning. Appellee argues that this court has adopted a position in *Martz v. Cincinnati Ins. Co.* (Mar. 1, 1988), Ross App. No. 1363, unreported, 1988 WL 33003, on the "physical contact" rule which supports his position. We note that the decision did discuss the effect of *Rowe, supra,* but that issue had not been raised by the parties nor was it decided by the court.

Here, there is a genuine issue of fact as to whether the limestone from the passing truck striking Atwood's windshield and injuring him was a sufficient striking or "actual physical contact" pursuant to *Greer* and *Rowe, supra,* to require coverage under the uninsured motorist clause of Atwood's policy. The trial court erred in granting summary judgment to State Farm. Atwood's assignment of error is well taken and is sustained.

*Judgment reversed*
*and cause remanded.*

HOMER E. ABELE, P.J., concurs.

HARSHA, J., concurs in judgment only.

HARSHA, Judge, concurring in judgment only.

I concur in judgment only. This case turns on the definition of a "motor vehicle," rather than the meaning of "strikes," as both are used in the policy. In my opinion, any distinction between "hits," "strikes" and "physical contact" is meaningless semantics with no real impact on the outcome of this case. Likewise, there is no need to consider whether or not these terms are broad enough to include within their parameters "indirect contact." This focus is important because of the limiting effect it will have on future application of our decision.

As the majority in *Greer, supra,* notes, the load or cargo of a vehicle is part of that vehicle until removed by an intervening human or other physical force.

I further agree with *Greer*'s rationale that for purposes of interpreting this and similar insurance contracts, the load remains part of the vehicle until it comes to rest. This characterization, based on momentum, has a legal as well as a physical basis, for once the part comes to rest, it may come into physical contact with an insured or a vehicle occupied by an insured, but a stationary part cannot actively strike a moving person or vehicle. In other words, even if "parts is parts," *i.e.*, once a part, always a part, once all momentum is lost, the focus would shift to a hit, strike, and physical-contact analysis to determine coverage. As indicated above, I do not believe such an analysis is needed here, however.

Because I would hold, as a matter of law, that a motor vehicle component or cargo is an integral part of a "motor vehicle" within the meaning of the term under this insurance contract, unless and until it is separated from the vehicle *and* comes to rest, appellee was not entitled to summary judgment. In my opinion, there can be no question that the motor vehicle, *i.e.*, falling cargo, struck the appellant. Accordingly, I concur in this court's reversal.