### Riley v. Swartsell
*[Cite as 8 AOA 705]*

Case No. CA90-06-118
Butler County, (12th)
Decided November 13, 1990

*James S. Irwin and Gregory E. Hull, Millikin & Fitton Law Firm, P.O. Box 598, Hamilton, Ohio 45012, for Plaintiffs-Appellees.*

*Stephen V. Freeze, Freund, Freeze & Arnold, 1800 Dayton Arcade Centre, One South Main Street, Dayton, Ohio 45402-2017, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be considered upon a notice of appeal, the transcript of docket and journal entries, the original papers from the Butler County Court of Common Pleas, and upon the briefs of counsel, oral argument having been waived. Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

On August 31, 1987, plaintiffs-appellees, Daniel Riley and Pamela Riley ("the Rileys"), sustained serious personal injuries and property damage when the vehicle they occupied was struck from the rear by a car driven by Mark A. Swartsell. Swartsell claimed that his vehicle was also struck from the rear by a third vehicle driven by an unidentified person who left the scene of the accident. There was no direct contact between the auto of the alleged hit-and-run driver and the Rileys or their car.

At the time of the accident the Rileys were insured under an automobile insurance policy issued by appellant, Economy Fire and Casualty Company ("Economy"). The policy contained a provision for underinsured/uninsured motorist coverage. This provision stated that damages would be paid under the insurance policy when an insured suffers damage arising out of the "ownership, maintenance, or the use of an uninsured motor vehicle."

The policy defines an uninsured motor vehicle as a land motor vehicle or trailer of any type:

"*** which is a hit-and-run vehicle whose operator or owner cannot be identified and which *hits:* (a) you or any family member, (b) a vehicle which you or any family member are [*sic*] occupying, or (c) your covered auto." (Emphasis added.)

The Rileys presented a claim to Economy for uninsured motorists benefits because Swartsell's vehicle was struck from the rear by a hit-and-run driver, which forced Swartsell's vehicle into the Rileys'. Economy denied the Rileys' claim for uninsured motorists coverage. Economy argues that the uninsured motorists coverage does not apply because the hit-and-run vehicle collided only with Swartsell's vehicle, and did not come into direct contact with the Riley automobile.

On August 29, 1989, the Rileys filed a complaint for declaratory judgment, seeking a determination of their uninsured motorist coverage under Economy's policy. Economy filed a motion for summary judgment in January 1990. The Rileys filed a cross-motion for summary judgment. On January 24, 1990, the trial court granted the Rileys' motion for summary judgment, holding that they were entitled to coverage.

Economy presents two assignments of error which read as follows:

"Assignment of Error No. 1.

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.

"Assignment of Error No. 2.

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT APPELLANT IN OVERRULING ITS MOTION FOR SUMMARY JUDGMENT."

Economy maintains that the language of its insurance policy requires that actual physical contact must occur between the uninsured motorist and the insured or the insured's car. Without actual physical contact, Economy argues that an insured is not entitled to uninsured motorist benefits. To support its argument, Economy relies on three Ohio Supreme Court decisions: *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St. 3d 143; *Yurista v. Nationwide Mut. Ins. Co.* (1985), 18 Ohio St. 3d 326; and *Travelers Indemn. Co. v. Reddick* (1974), 37 Ohio St. 2d 119. We find none of the three aforementioned cases controlling in the case at bar.

Unlike the instant action, where a hit-and-run vehicle struck an intermediate car, thus transmitting the impact to the claimant's car, the Ohio Supreme Court cases consist of incidents where there was no physical contact between the unidentified vehicle and *any* vehicle actually involved in the accident.

In *Reddick, supra,* and *Rowe, supra,* the insureds were struck by automobiles which allegedly swerved to miss an unidentified vehicle. The *Reddick* court held:

"We find nothing uncertain or ambiguous about the words used in this policy to define 'hit-and-run vehicle,' or to establish the requirement of 'physical contact.' Giving the wording of the policy its natural and reasonable construction, the only conclusion to be reached is that the policy does not provide coverage for injuries sustained by reason of the tortious operational conduct by drivers of unidentified vehicles, in the absence of at least a minimal contact between such a vehicle and the insured or the vehicle he is occupying." *Reddick, supra,* at 122.

The above holding was expanded in *Rowe.* The *Rowe* court wrote that "[t]he contract between the parties simply does not insure against injuries caused by unidentified motorists in the absence of physical contact. To read such coverage into this policy would require us to rewrite the contract of the parties and this we are not permitted or prepared to do." *Rowe, supra,* at 145.

In *Yurista, supra,* the court considered appeals of two cases in which objects were thrown from a car window and left in the roadway. Using *Reddick* as the basis for its decision, the court concluded that "[i]f insurers are to be required to provide protection against injuries sustained in automobile accidents caused by all unidentified vehicles, without the 'physical contact' restriction, it is a requirement for the General Assembly to enunciate and not the courts ***." *Yurista, supra,* at 330 (quoting *Reddick* at 124).

We believe that the instant action is distinguishable from the supreme court cases. We are also inclined to follow two court of appeals decisions which are analogous to the case at bar. In *Progressive Cas. Inc. Co. v. Mastin* (1982), 4 Ohio App. 3d 86, and *Drage v. Mantifel* (1988), 49 Ohio App. 3d 63, it was determined that when an unidentified vehicle collides with an intermediate auto which results in the intermediate auto striking the insured's vehicle, physical contact, albeit indirect, had been established within the meaning of the insurance policy.

Economy argues that the language found in the uninsured motorist coverage requires a hit-and-run vehicle to hit or make contact with the insured's car. The Rileys contend that the insurance policy is ambiguous with regard to whether direct physical contact is required in a chain reaction, hit-and-run scenario. The Rileys urge us to interpret the insurance policy's term "hit" in the same manner as the courts interpreted the term "physical contact" in *Progressive* and *Drage.*

We find the Rileys' argument to be persuasive. It appears to us that the term "hit" is ambiguous for this specific chain reaction scenario. Finding the language in the insurance policy to be ambiguous and uncertain, we must construe any ambiguities strictly against the insurer. See, *Reddick, supra,* at 121, and *Yeager v. Pacific Mut. Life Ins. Co.* (1956), 166 Ohio St. 71, 78.

*Reddick* held that in order for coverage to be provided in a policy requiring physical contact, at least minimal contact between a hit-and-run vehicle and the insured's vehicle must occur. Although it is not clear, we read *Reddick* to allow one to construe the term "hit" to include a collision between a hit-and-run driver and an intermediate auto which,

as a result, strikes an insured's vehicle. It is our determination, as was the conclusion of the *Drage* and *Progressive* courts, that the supreme court, in deciding the aforementioned cases, did not contemplate a situation in which physical contact was accomplished through an intermediate vehicle.

The rationale behind our decision can best be found in an opinion by a Michigan appellate court which wrote:

"It is clear that ever since the time of Sir Isaac Newton man has recognized and lived by certain physical laws of impact and motion. Accordingly we hold *** that an insured party is covered where the impact of the hit-and-run car was transmitted to his car through an intermediate car. We find, as did Sir Isaac, that this acceptance of a fundamental property of natural phenomena is the more sensible and consistent view as regards transfer of impact through intermediate objects." *Lord v. Auto-Owners Insurance Co.* (1970), 22 Mich. App. 669, 672.

Economy contends that the Ohio Supreme Court has adopted the physical-contact rule and, by inference, has rejected the corroboration evidence test espoused in *Progressive* and *Drage*. The purpose of the physical contact requirement is "to provide an objective standard of corroboration of the existence of a 'hit-and-run' vehicle to prevent the filing of fraudulent claims." *Reddick, supra,* at 124. We are of the opinion that this purpose is not defeated in the present fact scenario.

In the instant action, we are not presented with a phantom car that caused damage to an intermediate or an insured's vehicle, nor are we presented with facts involving a thrown object. Instead, we are presented with a scenario in which there was actual physical contact by an unidentified vehicle. Although the Rileys' auto was not directly hit by the unidentified vehicle, the damage to their car was directly linked to a continuous and contemporaneously transmitted force, which set in motion the chain of events leading to the injuries.

Actual physical contact involving an intermediary vehicle occurred. Thus, the court's requirement that "at least a minimal contact between [a hit-and-run vehicle] and the insured or the vehicle he is occupying" is met. See *Reddick, supra,* at 122. Furthermore, we are confident that when there is actual physical contact with an intermediate vehicle, the opportunity for fraudulent claims to be filed is foreclosed.

We also find no error in the court's determination that reasonable minds could only conclude that Swartsell's auto was, in fact, struck by a hit-and-run driver. See Civ. R. 56(C). A careful reading of the record reflects that the Rileys proved that an unidentified motorist hit Swart-sell resulting in damage to the Rileys and their car. The unrefuted corroborative evidence included an investigator's report and affidavit stating that "the rear of the swartsell vehicle indicated that he had been struck in the rear," and Swartsell's affidavit stating that he was in fact hit from behind by a hit-and-run driver. This was sufficient to erase Economy's complaint that a material issue of fact still existed. Therefore, Economy's first assignment of error is overruled.

Finally, having rejected Economy's first assignment of error, we accordingly reject Economy's assertion that the trial court should have granted its motion for summary judgment.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

JONES, P.J., KOEHLER and YOUNG, J.J., concur.