Since I believe that Michael Medvedkov provided sufficient evidence that he was injured under circumstances which qualify him to recover under his uninsured motorists coverage, I respectfully dissent.
At issue is the appropriate interpretation to be placed upon the syllabus for Girgis v. State Farm Mut. Auto. Ins. Co. (1996),75 Ohio St.3d 302. The syllabus reads:
 1. R.C. 3937.18 and public policy preclude contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision.
 2. The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident. (Travelers Indemn. Co. v. Reddick
[1974], 37 Ohio St.2d 119, 66 O.O.2d 259, 308 N.E.2d 454; Yurista v. Nationwide Mut. Ins. Co.
[1985], 18 Ohio St.3d 326, 18 OBR 370, 481 N.E.2d 584; State Auto. Mut. Ins. Co. v. Rowe [1986], 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008, modified.)
In Girgis, the Supreme Court of Ohio was expanding the availability of insurance coverage for persons who are injured by a negligent driver who fled the scene. State Farm had refused to pay for damages alleging that it had not been convinced that actual physical contact had occurred between the Girgis vehicle and the vehicle which had fled the scene. The Supreme Court of Ohio found by a five-to-two majority that the physical contact rule should be abandoned. The Supreme Court was far from unanimous about whether the second paragraph of the syllabus should be adopted. Indeed, a majority of the court, albeit for different reasons, expressed reservations about the second paragraph of the syllabus.
Supposing for the sake of argument that the second paragraph of the syllabus is good law under the facts presented by this case, I believe that independent corroboration was provided. Mr. Medvedkov was seen by a third party almost immediately after the other vehicle had caused him to lose control of his motorcycle. Paint from the other vehicle was seen on the handlebars of the motorcycle. The paint was viewed by third parties after the injuries to Mr. Medvedkov. Either set of facts was sufficient corroboration, at least for purposes of summary judgment.
I am concerned that we are rewarding insurance companies for failing to investigate collisions involving hit- skip drivers by interpreting the law of Ohio in the way done by the majority of this panel. If an insurance company does a diligent investigation and finds corroboration, the claim must be paid. If the insurance company does no investigation, then it can sometimes claim no corroboration and no duty to pay the claim.
I am not impressed by concerns about potential fraud. For years, the insurance industry fought to uphold the Guest Statute with claims that fraud would bankrupt the industry if persons who were passengers could recover from the drivers who injured them. The Guest Statute was found to be in violation of the Ohio Constitution over twenty years ago and insurance companies are still building skyscrapers (not to mention hockey arenas) in the Columbus area.
Purely and simply, people should be able to receive the insurance coverage they believe they are buying when they are injured through no fault of their own. Mr. Medvedkov in particular should be allowed to prove his case. Since the majority of this panel deprives him of that opportunity, I respectfully dissent.