ANGLIN, APPELLANT, *v.*
FIREMAN'S FUND INSURANCE
COMPANIES, APPELLEE.

(No. E-87-1—Decided
August 7, 1987.)

*Michael T. Murray,* for appellant.
*John D. Wiley,* for appellee.

*Per Curiam.* This matter comes before the court on appeal from the Erie County Court of Common Pleas. The pertinent facts are as follows.

On or about July 14, 1984, plaintiff, Jeffrey J. Anglin, was involved in an automobile accident. Anglin was forced to swerve out of the pathway of an unidentified vehicle which had pulled out directly in front of Anglin. After Anglin swerved to avoid the unidentified vehicle, he collided with another vehicle. There was no contact between Anglin's vehicle and the unidentified vehicle, which thereafter left the scene of the accident. At the time of the accident, Anglin was an insured under a policy issued by defendant-appellee, Fireman's Fund Insurance Companies. On July 25, 1986, Anglin filed a complaint for declaratory judgment in the Erie County Court of Common Pleas seeking in part a declaration that Fireman's Fund was obligated to arbitrate the issue of whether the unidentified vehicle was uninsured. Fireman's Fund answered, denying it was so obligated. Both parties there-

after filed motions for summary judgment. The trial court granted summary judgment in favor of Fireman's Fund.

From this decision, Anglin ("appellant") appeals and submits two issues for our review. Although appellant initially set out two assignments of error with various subsections, appellant presents the substance of his contentions via the following arguments:

"I. The language of the automobile policy in question mandated that the question of whether the tortfeasor was insured be determined by arbitration.

"II. If the Trial Court correctly ruled that the issue of fact relating to whether the tortfeasor was an uninsured motorist was not one to be submitted to arbitration, then the Plaintiff would be entitled to a jury trial on this issue."

Addressing argument No. I, pertinent portions of the automobile policy provide as follows:

"ARBITRATION

"a. If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for an arbitration."

Appellant argues that this clause enables him to demand arbitration when there is a disagreement over whether the motor vehicle is uninsured. We disagree. The arbitration clause specifies two instances when arbitration may be demanded. First, it may be demanded when the insurance company and the insured disagree whether the insured is legally entitled to recover damages. Second, it may be demanded when the insurance company and the insured disagree as to the amount of damages. In both instances, the vehicle must be uninsured. This is a condition precedent to triggering ar-

bitration. As it is a condition precedent, we find that there must be at least some credible evidence that the vehicle is "uninsured" as that term is defined in the policy in order for the arbitration clause to apply.

In *Citizens Ins. Co. of New Jersey* v. *Burkes* (1978), 56 Ohio App. 2d 88, 10 O.O. 3d 119, 381 N.E. 2d 963, the court construed virtually identical policy language and concluded that the issue of whether the other motor vehicle was uninsured within the meaning of the policy was not reserved for arbitration under the arbitration clause. Cf. *Travelers Indemnity Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119, 66 O.O. 2d 259, 308 N.E. 2d 454. To the extent that this court's earlier decision in *Guseman* v. *Western Reserve Mut. Cas. Co.* (Dec. 30, 1983), Erie App. No. E-83-42, unreported, is inconsistent with this approach, it is hereby overruled.

The policy at issue defines "uninsured motor vehicle" as follows:

"3. 'Uninsured motor vehicle' means a land motor vehicle or trailer:

"a. For which no liability bond or policy at the time of an accident provides at least the amounts required by the applicable law where a covered auto is principally garaged, or

"b. For which the sum of all liability bonds or policies at the time of an accident provides at least the amounts required by the applicable law where a covered auto is principally garaged but their limits are less than the limit of this insurance, or

"c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

"d. Which is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit an insured, a covered auto or a vehicle an insured is occupying.

"4. However, 'uninsured motor vehicle' does not include any vehicle:

"a. Owned or operated by a self-insurer under any applicable motor vehicle law, or

"b. Owned by a governmental unit or agency, or

"c. Designed for use mainly off public roads while not on public roads."

A review of the foregoing indicates that there are four situations in which a motor vehicle is defined as an "uninsured motor vehicle." The first three require that both the motor vehicle involved and the insuring or bonding company be identified. The amount of any liability bonds or policies must be determined. When the vehicle is unidentified as it is in this case, however, the hit-and-run vehicle provision must be satisfied in order for the uninsured motor vehicle definition to apply.

The hit-and-run provision requires physical contact. See *Yurista* v. *Nationwide Mut. Ins. Co.* (1985), 18 Ohio St. 3d 326, 18 OBR 370, 481 N.E. 2d 584; *Travelers Indemnity Co.* v. *Reddick, supra.* In this case, both parties agree that there was no physical contact. Absent physical contact, the mystery vehicle was not an uninsured motor vehicle per the hit-and-run clause. Neither was it an uninsured motor vehicle pursuant to any of the other definitions. Accordingly, the condition precedent to triggering the arbitration clause was never met.

Based on the foregoing, we find that the trial court correctly granted summary judgment in favor of appellee, consistent with Civ. R. 56 and *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46. Argument No. I is therefore found not well-taken.

In Argument No. II appellant claims that even if no issue of fact existed over whether the tortfeasor vehicle was uninsured and even if the issue was not subject to arbitration, appellant is still entitled to a jury trial on

this issue. We find that this would only *promote a waste of judicial resources.* In deciding whether appellant was entitled to have the matter submitted to arbitration, the court necessarily determined whether the other vehicle was uninsured. Since the other vehicle was not uninsured as a matter of law, appellant is not entitled to have the issue submitted to a jury. The issue has been fully resolved. There is absolutely no evidence indicating that the mystery vehicle is "uninsured" within the meaning of the policy. Argument No. II is therefore found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. This cause is remanded to said court for execution of judgment. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and RESNICK, JJ., concur.