CARTER et al.; Nibert et al., Appellants,

v.

AMERICAN AGGREGATES CORPORATION, Appellee, et al.█

[Cite as *Carter v. Am. Aggregates Corp.* (1992), 82 Ohio App.3d 181.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–551.

Decided Oct. 29, 1992.

*Steve J. Edwards,* for appellants.

*Roetzel & Andress, Bradley L. Snyder* and *Douglas O. Metz; Porter, Wright, Morris & Arthur* and *Randall W. Knutti; McNamara & McNamara* and *Dennis Liston; Schuler, Plank, Morgan & Brahm* and *Richard Brahm,* for appellee American Aggregates Corporation.

*Keller, Scully & Williams* and *James Johnson,* for Wapak Sand & Gravel Co., d.b.a. Agg Rok.

WHITESIDE, Judge.

Plaintiffs-appellants, Linda and Junior Nibert ("plaintiffs"), appeal from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee American Aggregates Corporation ("defendant") for summary judgment predicated upon a finding that the plaintiffs' claim is barred by the applicable statute of limitations. Although there are other plaintiffs (Barbara Carter et al.) and other defendants involved in this action, the trial court's determination finally determined the action as between plaintiffs Niberts and defendant American Aggregate Corporation and, thus, constitutes a final appealable order in light of the Civ.R. 54(B) finding of no just reason for delay in entering such final judgment contained in the judgment entry of the trial court.

Originally, many plaintiffs joined together in this action against both defendant American Aggregates Corporation and an additional defendant, Wapak Sand & Gravel Company, d.b.a. Agg Rok. The final judgment and this appeal involve only plaintiffs Niberts and defendant American Aggregate Corporation, the case remaining pending in the trial court with respect to all the other claims with respect to all the other parties. The judgment herein does not determine or affect the rights and liabilities of the remaining parties as between each other.

In support of their appeal, plaintiffs raise four "assignments of error," which are in form a request for a declaration of law, rather than assignments of error, and read as follows:

"1. Does a statute of limitations act as a bar to the recovery of any damages or does it merely serve to limit the time period within which damages may be recovered, regardless of when the wrongful conduct occurred?

"2. When there is a continuing tort over a period of time, when does a statute of limitations begin to run and when does it act as a bar to recovery on a continuing tort?

"3. What is the appropriate statute of limitations for a claim based on unreasonable harm based on *Cline v. American Aggregates [Corp.]*, 15 Ohio State 3d 384 [15 OBR 501, 474 N.E.2d 324] (1984)?

"4. When does the statute of limitations begin to run on plaintiffs' claims?"

Although four assignments of error are raised, a single question is presented, namely, whether plaintiffs' claim against defendant American Aggregates Corp. is barred by the applicable statute of limitations. The threshold issue, of course, is what statute of limitations is applicable. The second issue is whether that statute has run, with side issues as to when the running of the statute commences to run and whether the running of the statute has been tolled by any means.

Construing the evidence most strongly in favor of plaintiffs, defendant interfered with the underground water supply upon which plaintiffs relied for water through the use of a well to the extent that the well dried up. Defendant commenced pumping the underground water in 1973 and has continuously pumped water since that time. The purpose of the pumping of water is to enable American Aggregates to mine sand, gravel and limestone. Plaintiffs purchased the property in question in July 1979 and enjoyed an adequate water supply until August 1980 when their well went dry. Plaintiffs tried several methods of restoring the water supply but were unable to obtain any water from February until August 1982. In August 1982, plaintiffs had a new well drilled which has furnished them an adequate water supply, and they have experienced no problems since the drilling of the second well.

Plaintiffs took no further action against American Aggregates or otherwise until they filed their present complaint on December 13, 1988. Plaintiffs concede that, although they contend that the tortious interference with their underground water supply is continuous, they have suffered no compensable injuries since 1982 when they drilled the second well, which afforded them adequate water acceptable both in quality and quantity.

Although not expressly stated in the trial court's decision, the trial court apparently applied the four-year limitation of R.C. 2305.09(B) in accordance with the decision of this court in *Wood v. Am. Aggregates Corp.* (1990), 67

Ohio App.3d 41, 585 N.E.2d 970. The plaintiffs contend that *Wood* is incorrect and that the proper limitation is the ten-year limitation of R.C. 2305.14. In addition, plaintiffs rely upon R.C. 2305.03 and 2305.10.

R.C. 2305.14 provides in pertinent part, as follows:

"An action for relief not provided for in sections 2305.04 to 2305.131, inclusive, and section 1304.29 of the Revised Code, shall be brought within ten years after the cause thereof accrued * · * *.""

R.C. 2305.09, applied by the trial court, provides in pertinent part, as follows:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

" * * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

R.C. 2305.10 establishes a two-year limitation for actions for bodily injury or injury to personal property. R.C. 2305.11 establishes a one-year limitation for certain types of causes of action, including libel and slander and malpractice, none of which are applicable here. R.C. 2305.12 pertains to an action on an official bond. In *Wood*, we found the four-year limitation of R.C. 2905.09(D) applied to a claim such as that asserted by plaintiffs herein, namely, unreasonable interference with an underground water supply created by percolating waters. It is true that, in *Wood*, we did not consider R.C. 2305.14 but, nevertheless, we concluded that the claim of unreasonable interference with the underground water supply constituted a claim for an injury to the rights of the plaintiff not arising on contract and not enumerated in R.C. 2305.10 to 2305.12 or 2305.14. We find no reason to deviate from that finding herein.

■ Alternatively, plaintiffs contend that their claim arose when the Supreme Court announced *Cline v. Am. Aggregates Corp.* (1984), 15 Ohio St.3d 384, 15 OBR 501, 474 N.E.2d 324, in which the Supreme Court overruled *Frazier v. Brown* (1861), 12 Ohio St. 294, and adopted Restatement of the Law 2d, Torts, Section 858, and held by syllabus rule that:

"A proprietor of land or his grantee who withdraws ground water from the land and uses it for a beneficial purpose is not subject to liability for interference with the use of water by another, unless

"(a) the withdrawal of ground water unreasonably causes harm to a proprietor of neighboring land through lowering the water table or reducing artesian pressure,

"(b) the withdrawal of ground water exceeds the proprietor's reasonable share of the annual supply or total store of ground water, or

"(c) the withdrawal of the ground water has a direct and substantial effect upon a watercourse or lake and unreasonably causes harm to a person entitled to the use of its water. * * * "

Plaintiffs contend that their claim for relief should be deemed to have arisen in December 1984 upon the announcement of the *Cline* decision so that the commencement of their action in 1988 was within the four-year limitation of R.C. 2305.09(D). Plaintiffs' contention is flawed because they concede that they had sustained no injury from the alleged continuing tortious conduct of defendant American Aggregates since 1982 when the plaintiffs, by drilling a new well, established an adequate and satisfactory water supply for their use. In other words, since 1982, American Aggregates' withdrawal of ground water has not unreasonably caused harm to plaintiffs as proprietors of neighboring land because they have continuously had a reasonable water supply both as to quantity and quality through their new well drilled in 1982.

Plaintiffs also contend that some type of discovery rule should be applied since they had a conversation with an employee of the Ohio Department of Natural Resources who told them there was nothing they could do about the problem, and they relied upon him as an expert at the time. However, they also admit that they heard "rumors" that the problem was caused by a drop in the water table because of pumping in part by defendant American Aggregates and that they incurred no further out-of-pocket expenses since August 1982. None of these reasons operate to toll the statute of limitations. Plaintiffs do not contend that they have a claim predicated upon trespass. In short, a change in the common-law ruling by the Supreme Court does not commence a new period of limitation with respect to injuries occurring and completed prior to the announcement of the decision, even though the new common-law rule should be applied retrospectively, as this court held both in *Wood* and in *Cline v. Am. Aggregates Corp.* (1989), 64 Ohio App.3d 503, 582 N.E.2d 1.

In general, the limitation period commences when the plaintiff has suffered an injury as a result of the alleged tortious conduct. *Midwest*

*Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411, and *Wisecup v. Gulf Dev.* (1989), 56 Ohio App.3d 162, 565 N.E.2d 865. Thus, if plaintiffs suffer some future injury as a result of the alleged continuous tortious conduct by defendant American Aggregates, a new cause of action would arise at that time. On the other hand, the cause of action with respect to the past injury they suffered and which was alleviated by their drilling a new well in 1982 ceased when no further injury resulted to them as a result of the alleged continuous tortious action of defendant American Aggregates. In other words, the cause of action accrued in 1982, even though plaintiffs may not have been aware of any right of action until the *Cline* decision by the Supreme Court. Even after that decision, nearly two years remained during which they could have commenced the action but failed to do so.

Plaintiffs make various other assertions, including a claim that a cause of action may be brought with respect to a continuing tort, even though no present injury is sustained. As we have stated earlier, with respect to a continuing tort, the cause of action accrues when injury is caused to the plaintiff.

Plaintiffs seek only monetary relief and do not seek equitable relief. Even if they were to seek injunctive relief, it would appear from the evidence that no irreparable harm is presently resulting from the alleged continuous tortious conduct of defendant American Aggregates. In fact, plaintiffs in effect concede that they have no presently occurring injury from the alleged continuous tortious conduct.

Plaintiffs also contend that the decision in *Wood* is incorrect because it permitted a relation back of damages for four years for a continuing injury to the plaintiffs as a result of the alleged tortious conduct. That issue is not present with respect to plaintiffs and the question is not properly before us for consideration. Accordingly, there is no reason to reexamine the *Wood* doctrine.

Plaintiffs make various claims; however, the underlying conceded fact is that any injury to plaintiffs as a result of the alleged tortious conduct of American Aggregates ceased in August 1982 with the drilling of the new well by plaintiffs. The trial court properly applied the limitation of R.C. 2305.-09(D), finding it to bar plaintiffs' present action since they have sustained no injury from the alleged tortious conduct of defendant American Aggregates since August 1982 but did not commence their action until more than six years later. None of the assignments of error is well taken.

For the foregoing reasons, all four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and DESHLER, JJ., concur.