WEINBERG, Appellant and Cross–Appellee,

v.

John DOE; Buckeye Union Insurance Company, Appellee and Cross–Appellant.

[Cite as *Weinberg v. Doe* (1998), 129 Ohio App.3d 586.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73671.

Decided Aug. 31, 1998.

*Hans C. Kuenzi Co., L.P.A., Hans C. Kuenzi* and *Michael R. Shanabruch,* for appellant and cross-appellee.

*Quandt, Giffels & Buck Co., L.P.A.,* and *Robert J. Gerlack,* for appellee and cross-appellant.

*Per Curiam.*

Appellant, Barry Weinberg, appeals the trial court's order granting summary judgment in favor of appellee, Buckeye Union Insurance Company, on the basis of the holding in *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280.

This case arises from an alleged collision involving appellant, while he was operating his bicycle, and an unidentified motor vehicle. Appellant, claiming to have been forced off the road by the unidentified motorist, filed a claim against Buckeye, seeking compensation under the uninsured motorist provisions of the policy of insurance issued by Buckeye. The uninsured motorist provision of appellant's policy states:

"By 'uninsured motor vehicle' we mean a land motor vehicle or trailer of any type:

" * * *

"d) Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

"(1) you;

"(2) a relative;

"(3) a vehicle which you or any relative are occupying; or

"(4) an insured auto."

Appellant maintains that he was riding his bicycle on Superior Road in Cleveland Heights when a large brown vehicle clipped his left arm, causing him to lose his balance and fall to the ground. This collision caused injury to his right shoulder. Due to the nature of the accident, appellant was unable to determine the license plate or make of the vehicle, and the resulting damage to both his right shoulder, left elbow and the bicycle was minimal. Furthermore, appellant was unable to produce or identify any third-party witnesses to verify his story.

Appellant filed a complaint seeking compensation for his injuries under the uninsured motorist provision of his policy. Appellee filed a motion for summary judgment, which was granted, and appellant appealed, assigning one error for our review:

"The trial court erred in awarding summary judgment to defendant Buckeye Union solely on the basis of plaintiff's failure to provide a third party to corroborate plaintiff's allegation that he was struck by an uninsured motorist."

Prior to *Girgis*, uninsured motorist coverage had been denied in cases where there was no contact between the uninsured motorist and the injured party. The

main rationale for denying coverage was to prevent fraudulent claims. In *Girgis*, the court found it to be against public policy to deny coverage in no-contact cases and decided that coverage would be available if there was corroborating evidence of negligence of the uninsured motorist in a no-contact case.

In ruling for the defendant insurance company in this case, the trial court relied on the second syllabus of *Girgis:*

"The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident. (*Travelers Indem. Co. v. Reddick* [1974], 37 Ohio St.2d 119, 66 O.O.2d 259, 308 N.E.2d 454; *Yurista v. Nationwide Mut. Ins. Co.* [1985], 18 Ohio St.3d 326, 18 OBR 370, 481 N.E.2d 584; *State Auto. Mut. Ins. Co. v. Rowe* [1986], 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008, modified.)"

This seems to say that in all cases alleging negligence of an unidentified driver, a claimant must have corroborative evidence to recover under his or her uninsured motorist coverage. However, the second syllabus cannot be read in isolation from the first:

"R.C. 3937.18 and public policy preclude contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision."

It is thus clear that the court in *Girgis* was expanding uninsured motorist coverage to cases where there was *no contact,* provided the injured party could produce some corroborative evidence.

The case before us is different. This is not a no-contact case. The plaintiff claims he was hit by the unidentified motorist. In such a case, the express terms of the policy provide coverage when an insured is struck by an uninsured motor vehicle.

Thus, rather than exclude coverage as the policies did in no-contact cases, the policy here specifically provided coverage if the plaintiff was "hit" by a hit-and-run vehicle. *Girgis* does not deal with contact cases. It expanded coverage to no-contact cases provided there was corroboration. It did not take away coverage in cases where the plaintiff was "hit." Whether plaintiff was hit is a question of fact, which is not to be decided on summary judgment.

Appellee cross-appealed and assigned one error for our review:

"The trial court properly applied the law set forth in the Ohio Supreme Court decision of *Girgis v. State Farm* when it granted summary judgment in favor of appellee Buckeye."

As a result of the foregoing, this assignment of error is overruled.

*Judgment reversed*
*and cause remanded.*

BLACKMON, A.J., and NAHRA, J., concur.

MICHAEL J. CORRIGAN, J., dissents.

MICHAEL J. CORRIGAN, Judge, dissenting.

For the following reasons, I respectfully dissent from the conclusion of the majority regarding the application of the recent Supreme Court case *Girgis v. State Farm Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280.

It is well established in Ohio that "the syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication." *State ex rel. Leonard v. White* (1996), 75 Ohio St.3d 516, 664 N.E.2d 527, citing *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 103, 647 N.E.2d 792, 797; S.Ct. R .Rep.Op. 1(B). Other pronouncements in the text of the court's opinion, while authoritative, do not carry the precedential force of a statement made in a syllabus. *Marsh v. State Auto. Mut. Ins. Co.* (1997), 123 Ohio App.3d 356, 704 N.E.2d 280.

In *Girgis,* the Supreme Court stated at paragraph two of the syllabus:

"The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was the proximate cause of the accident."

The *Girgis* court further explained its holding by stating, "We believe that public policy considerations should and do require the *substitution* of the corroborative evidence test for the physical contact requirement." *Id.* at 307, 662 N.E.2d at 283. The physical-contact requirement, which mandated proof of actual physical contact between the unidentified vehicle and the insured as an absolute prerequisite to recovery, was determined to be void as against public policy. See *Bobovnik v. Metro. Prop. & Cas. Ins. Co.* (1997), 117 Ohio App.3d 578, 583, 690 N.E.2d 1353, 1356–1357.

However, the majority opinion seems to interpret the Supreme Court's holding in *Girgis* as allowing the application of either the "corroborative evidence" test or

the "physical contact" requirement at the option of the insured. This is in direct contravention of the actual holding in *Girgis* as set forth in paragraph two of the syllabus. The *"corroborative evidence"* test replaces the *"physical contact"* requirement and, therefore, expands the right of the insured in accidents proximately caused by an unidentified vehicle. By its very nature, in contact situations corroborative evidence—*at least physical in nature*—would abound. In noncontact situations, the requirement of corroboration—(*eyewitness, physical, expert or otherwise*)—is a minimal tradeoff for the elimination of the contact requirement and will diminish the possibility of fraud in phantom-vehicle situations. The *Girgis* court did not limit or define corroboration with specificity. It merely mandates independent third-party evidence. Accordingly, since in this case no corroborative evidence of any type was produced, I believe that the trial court properly entered summary judgment in favor of Buckeye Union Insurance Company and would affirm the judgment of the trial court in its entirety.