**VELOSKI, Appellant,**

v.

**STATE FARM MUTUAL AUTO INSURANCE COMPANY, Appellee.**

[Cite as *Veloski v. State Farm Mut. Auto Ins. Co.* (1998), 130 Ohio App.3d 27.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74059.

Decided Sept. 21, 1998.

*Behrens & Gioffre Co., L.P.A., Joseph R. Gioffre* and *Michael S. Schroeder,* for appellant.

*Meyers, Henteman & Rea Co., L.P.A.,* and *Joseph R. Wantz,* for appellee.

*Per Curiam.*

Plaintiff-appellant, Kathleen M. Veloski, appeals from the judgment of the trial court that granted summary judgment in favor of defendant-appellee, State Farm Automobile Insurance Company. On appeal, plaintiff argues that the provision in defendant's policy which limits the time period for an insured to bring an uninsured motorist claim is against public policy. For the reasons that follow, we find no merit to plaintiff's argument and affirm the judgment of the trial court.

On July 14, 1992, plaintiff was injured when an unidentified driver ran her car off the road. No contact occurred between plaintiff's car and the unidentified driver, who was never found. There was one witness to the accident.

At the time of the accident, plaintiff was covered by auto insurance from defendant. The policy provided uninsured motorist coverage of $100,000. The policy further provided that "any arbitration or suit against us will be barred unless commenced within two years after the date of the accident."

On August 3, 1992, plaintiff, through her attorney, sent a letter to defendant indicating that plaintiff had sustained personal injuries from an accident involving a hit-and-run driver and that plaintiff would also be presenting a claim through the uninsured motorist provision of her policy. Defendant responded to plaintiff by asking for a statement describing the accident and further indicating that defendant intended to deny coverage because there was no contact between plaintiff's vehicle and the other car. Plaintiff's counsel answered on October 12, 1992, in a letter which stated as follows:

"As we discussed during our telephone conversation, Ms. Veloski will not be making a claim at the present time for bodily injury sustained in the above-captioned accident. As such, my client will not be providing a statement to State Farm."

Almost four years later, the Ohio Supreme Court held that policy provisions which required physical contact as a prerequisite to recovery under uninsured motorist provisions were against public policy. *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280. Soon thereafter, on July 23,

1996, plaintiff's counsel wrote to defendant and asked to reopen plaintiff's file pursuant to *Girgis.* Plaintiff demanded the uninsured motorist limit of $100,000. Because plaintiff did not make her claim within two years as required by the policy, defendant denied coverage.

Filing suit in common pleas court, plaintiff argued that defendant breached the policy by denying uninsured motorist coverage. The lower court granted summary judgment in favor of defendant, and plaintiff appealed raising one assignment of error.

"The trial court erred in granting defendant, State Farm Mutual Automobile Insurance Company's motion for summary judgment and ruling as a matter of law that plaintiff's claim is time barred."

In this lone assignment, plaintiff argues that defendant's two-year time limitation for making an uninsured motorist claim is against public policy. Specifically, plaintiff points out that the statute of limitations for bringing an action for bodily injury is tolled until the tortfeasor is discovered. R.C. 2305.15. Furthermore, she argues that the legislative intent of compulsory uninsured motorist coverage is to put the policyholder in the same position that she would have been in if the tortfeasor had liability insurance. *Bartlett v. Nationwide Mut. Ins. Co.* (1973), 33 Ohio St.2d 50, 62 O.O.2d 406, 294 N.E.2d 665. She concludes that the two-year limitation on claims for uninsured motorist coverage contradicts this public policy.

At the time plaintiff was injured, Ohio law required physical contact between the insured vehicle and the unidentified vehicle as a prerequisite to recovery under the uninsured motorist provisions. *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008. Plaintiff chose not to challenge this authority and withdrew her uninsured motorist claim. Plaintiff reactivated her claim, three and one-half years later, however, after the Ohio Supreme Court issued *Girgis.*

Under the terms of her policy, plaintiff had two years from July 14, 1992 to commence arbitration or file suit against defendant for uninsured motorist coverage. In *Miller v. Progressive Cas. Ins.* (1994), 69 Ohio St.3d 619, 624, 635 N.E.2d 317, 321, the Supreme Court of Ohio stated that a two-year limitation on uninsured motorist claims is not against public policy. By waiting more than two years to commence arbitration or file suit, plaintiff failed to qualify under the terms of the policy.

Plaintiff argues, however, that the two-year limitation violates public policy. Plaintiff has not cited any authority, however, that runs contrary to *Miller.* In *Miller* the Supreme Court found a one-year deadline contrary to the purpose of R.C. 3937.18 on the grounds that the deadline purported "to delete or eliminate

the rights of the insured to coverage required" under the law governing uninsured motorists. The court expanded the contractual limitation of one year consistent with the two-year statute of limitations for bodily injury actions.

The court was aware that "the statute of limitations for an action upon a written contract is fifteen years." *Miller* at 624, 635 N.E.2d at 321, citing *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167, the court also recognized that a contract may validly limit the time for bringing an action less than that prescribed in a general statute. The rule governing such a limitation is that the shorter period be "reasonable." Drawing upon R.C. 2305.10, the statute of limitations for bodily injury actions, the court then expressly held that a two-year time limitation was "reasonable and appropriate" for uninsured motorist claims.

Plaintiff argues, however that the two-year limit that *Miller* applied does not control the case at bar. Specifically, plaintiff argues that, because the uninsured motorist in the case at bar was unidentified, R.C. 2305.15, rather than 2305.10, should apply. R.C. 2305.15 tolls the statute of limitations for claims against unidentified tortfeasors.

■  Plaintiff has failed to show, however, why the inability to identify the tortfeasor is relevant under the facts of this case. The identity of the tortfeasor is not necessary, because the claim is against the insurance company, not the unidentified driver. Ohio public policy requires plaintiff to be placed in the same position that she would be in if the tortfeasor were insured. Regardless of whether the tortfeasor is identified or unidentified, plaintiff still had two years to bring her contractual uninsured motorist claim. Plaintiff's tort claim against the tortfeasor still potentially exists. All that is at issue here is plaintiff's contract claim against State Farm. To permit an unending period of time (or even to limit the period to fifteen years as appellant argued orally) would allow policyholders to sit on their claims indefinitely while waiting for the law to change. When the identity of the tortfeasor is not essential to the claim, there is no reason to extend the statute of limitations beyond two years. Therefore, the contract limitation of two years on uninsured motorist claims, even when the uninsured motorist is unidentified, does not violate Ohio policy.[1]

The judgment is affirmed.

*Judgment affirmed.*

PORTER, P.J., and KARPINSKI and PATTON, JJ., concur.

---

1.  As the Supreme Court held, what violates public policy is a contract's requirement of "contact" between the insured's car and that of the uninsured.