OLINIK et al., Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Olinik v. Nationwide Mut. Ins. Co.* (1999), 133 Ohio App.3d 200.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 CA 107.

Decided March 16, 1999.

*Daniel L. Rossi,* for appellants.

*Daniel A. Richards* and *Timothy D. Johnson,* for appellee.

WAITE, Judge.

This timely appeal arises from a trial court decision granting appellee's motion for summary judgment. Appellant argues that the trial court erred in granting the motion because her right to bring a claim did not accrue until after the Ohio Supreme Court decided the case of *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280. For the following reasons, this court affirms the trial court judgment.

On December 21, 1991, appellant was operating her vehicle and proceeding west on Kirk Road near Redgate Lane when an unidentified driver proceeding in the opposite direction lost control of his car and swerved directly toward her. Appellant swerved her car in order to avoid the oncoming car and in doing so drove off of the roadway and struck a tree. Appellant suffered serious injuries requiring hospitalization.

At the time of the accident, appellant was insured under an automobile insurance policy with appellee. Neither party disputes the policy and amendatory endorsement in effect at the time of appellant's accident. In addition to liability coverage, appellant's policy with appellee contained uninsured motorist coverage. The policy stated that uninsured motorist coverage would be provided to the insured if she was injured by the driver of an uninsured motor vehicle. An uninsured motor vehicle was described as:

"[A] 'hit and run' motor vehicle which causes bodily injury to an insured by physical contact with: (1) such person; or (2) a vehicle the insured is occupying."

The policy also contained an arbitration clause that provided:

"If we and the insured disagree about the right to recover damages, or the amount of such damages * * *

" * * * *

"5. [a]ny demand for arbitration must be made within two years after the date of the accident."

The Amendatory Endorsement provides:

"Under the Uninsured Motorists coverage, legal action against us must begin within two years or the time limit allowed for bodily injury or death actions in the state where the accident occurred, whichever is greater."

On September 27, 1993, appellant's counsel sent appellee a letter regarding the accident and confirmed the fact that no physical contact occurred. Appellant's counsel indicated that the letter was intended to serve as notice that an uninsured motorist claim *might be* brought in the future depending upon the Ohio Supreme Court's decision as to the validity of the physical contact requirement. Appellant did nothing further for three years.

On March 6, 1996, the Ohio Supreme Court decided the case of *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280. The court held that uninsured motorist policy provisions requiring actual physical contact between the unidentified vehicle and the insured's vehicle should be abandoned as contrary to public policy. *Id.* at 306, 662 N.E.2d at 283. The court modified the actual physical contact requirement with the "corroborative evidence test," which provides that a claim for uninsured motorist coverage can proceed if independent third-party testimony exists that the negligence of an unidentified vehicle was a proximate cause of the accident. *Id.* Effective September 3, 1997, R.C. 3937.18 was amended to incorporate the court's holding in *Girgis, supra.* Section D provides:

"(D) For the purpose of this section, a motor vehicle shall be deemed uninsured in either of the following circumstances:

" * * *

"(2) The identity of the owner and operator of the motor vehicle cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of this division, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence."

On September 23, 1996, appellant's counsel filed a claim for uninsured motorist coverage with appellee. On November 6, 1996, appellee denied the claim, finding that appellant had failed to demand arbitration or file suit against appellant within the time limit mandated under the insurance policy.

On November 20, 1996, appellant filed an action for declaratory judgment against appellee in the Mahoning County Court of Common Pleas. The action described the accident, the insurance policy and the decision handed down by the Ohio Supreme Court in *Girgis, supra.* Appellant contended that appellee's denial of the claim based upon the expiration of the two-year limitation from the date of

the accident was arbitrary, unreasonable and contrary to Ohio law and the recent *Girgis* decision. Appellant requested that the court find her action timely, as she did not have a right to bring an action until the *Girgis* decision. Appellee filed a timely answer and counterclaim for declaratory judgment, asserting that the limitations period provided in the insurance policy barred appellant's claims, as the claim needed to be asserted within two years of the accident.

Both parties submitted motions for summary judgment, and on May 9, 1997, the trial court overruled appellant's motion and granted the motion of appellee. The court found that appellant's action began accruing on the date of the accident and that the *Girgis* case did not create a new period of accrual for those cases in which the accident and injuries occurred and were completed before the announcement of the decision. It is from this action that appellant appeals.

In her sole assignment of error, appellant contends:

"The trial court committed prejudicial error in finding that the plaintiff was required to file an action versus defendant within two years of the accident, to wit: December 21, 1993, even though plaintiff did not have a cause of action against defendant at that time."

Before addressing appellant's assignment of error, we must question the language in the legal action limitations section of the instant insurance policy. The language under section nine of the General Policy Conditions in the Amendatory Endorsement of appellee's policy regarding legal action limitations states that "legal action against us must begin within two years or the time limit allowed for bodily injury or death actions in the state where the accident occurred, whichever is greater." The Ohio Supreme Court has held similar policy language ambiguous and invalid. In *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 64, 543 N.E.2d 488, 489. The language of the insurance policy stated that an insured must bring an action against Grange "within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred." The Ohio Supreme Court found the limitation language ambiguous and invalid because it failed to tell policyholders the period of time available in which to bring an action and a layperson would not know that the Ohio Revised Code generally provides that an action for bodily injury must be commenced within two years. *Id.*

The language of the instant policy appears ambiguous because the two-year specification within which to bring legal action fails to state within two years of what event that legal action must occur. Further, the second part of the sentence is similar to that struck down in *Lane.* A court will interpret ambiguous words and phrases in an insurance contract against the drafter and in favor of the insured. *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d

34, 38, 31 OBR 83, 86–87, 508 N.E.2d 949, 952, quoting *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95, 68 O.O.2d 56, 313 N.E.2d 844, syllabus. However, appellant concedes that she interpreted the policy language to mean that she must file within two years of the date of the accident. As appellant does not challenge the meaning of the policy language, we must construe the period of limitations to mean that she was required to file within two years of the accident.

Even if this court invalidated the legal action limitations language completely, the policy also contains an arbitration clause in the uninsured motorist provision which clearly states that if a dispute exists about a right to recover damages, "[a]ny demand for arbitration must be made within two years after the date of the accident." The Ohio Supreme Court has upheld a two-year limitation on bringing suit in an insurance policy. *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 624–625, 635 N.E.2d 317.

We also note that appellant does not challenge the applicable law in effect at the time of her policy or question whether renewal of her policy constituted a new contract or a continuation of the previous policy. Appellant concedes that the policy and amendatory endorsement before us was in effect, that policy required actual physical contact for uninsured motorist coverage, and that the law at that time allowed such a condition precedent in insurance policies. Appellant admits that prior to the *Girgis* decision, she did not have a right to bring a cause of action because the insurance provision regarding physical contact was binding upon her and no such contact existed between her and the uninsured driver.

 Appellant contends that after the Ohio Supreme Court's holding in *Girgis, supra,* she acquired a cause of action because the "physical contact" requirement was held to be against public policy. Appellant submits that the *Girgis* decision applies to void the insurance policy provision in effect at the time of her accident in 1991 and thus to create a cause of action beginning after the decision in 1996.

 In finding as a matter of law that appellant's cause of action was time-barred, the trial court denied appellant's motion for summary judgment and granted the summary judgment motion of appellee. In reviewing summary judgment proceedings, the appellate court reviews the evidence *de novo,* but in the same manner as the trial court. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272; *Brown v. Scioto Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158. In order to prevail on a motion for summary judgment, the movant must show that (1) there remains no genuine issue as to any material fact, and (2) when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Welco Indus., Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1131–

1132; See Civ.R. 56(C). The movant has the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists on the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Once this initial burden is met, the opposing party has a reciprocal burden to show specific facts that demonstrate that a genuine issue for trial exists. *Id.*

In asserting its motion for summary judgment, appellee met the initial burden of showing that no genuine issue of material fact existed on the essential elements of appellant's claims by providing the policy language containing the two-year limitation within which to bring a legal action. Appellee also provided caselaw holding that contractual time limitations are as enforceable as legislatively enacted statutes of limitations. Appellee concluded that because appellant filed a cause of action five years after the accident occurred the action was not timely and it was entitled to judgment as a matter of law.

The burden then shifted to appellant to point to specific facts showing that genuine issues of material fact existed on her claim that her cause of action was not subject to the two-year limitation mandated by the insurance policy. However, appellant failed to meet this burden on appellee's motion for summary judgment and also failed to meet the initial burden on her own motion for summary judgment. Appellant does not argue that any facts are disputed. She agrees that this issue revolves entirely around the application of the law. Appellant asserted in her motions and asserts on appeal that the 1996 *Girgis* decision should apply to render the physical contact language found in her 1991 insurance policy obsolete and the provision itself void as against public policy. According to appellant, the issue is whether *Girgis* applies retroactively to her situation and whether this application causes her limitations period to run from the accrual of her cause of action under *Girgis* instead of from the date of the accident. Appellant's arguments in this respect are misplaced.

The Ohio Supreme Court, in *Girgis, supra*, does hold that automobile insurance policies requiring actual physical contact between an unidentified vehicle and the insured in order to recover uninsured motorist benefits violate public policy and are unenforceable. 75 Ohio St.3d at 305, 662 N.E.2d at 282–283. The court replaced the physical contact requirement with the "corroborative evidence test," which allows an uninsured motorist claim to proceed if independent third-party testimony exists that the negligence of an unidentified vehicle was a proximate cause of the accident. *Id.*

■ The legislature subsequently amended R.C. 3937.18 and adopted the "corroborative evidence test" set forth in *Girgis, supra*, making the amendment effective September 3, 1997. The amended statute was not made expressly

retroactive. When the legislature has not specified retroactive application, the statute will be applied prospectively. R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 105–106, 522 N.E.2d 489, 494–495. Further, the statutory law in effect at the time of contracting determines the scope of coverage of an automobile insurance policy. *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 288, 695 N.E.2d 732.

Appellant does not rely on statutory law but relies instead on caselaw to argue that her cause of action should not be subject to the two-year limitation in the policy because she had no right to a cause of action until *Girgis* created one. Appellant cites *Kraly v. Vannewkirk–State Farm Mut. Ins. Co.* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323, and *Kuhner v. Erie Ins. Co.* (1994), 98 Ohio App.3d 692, 649 N.E.2d 844, to support her argument that a limitation period did not begin to run until an actual cause of action for uninsured motorist benefits accrued. The courts in both cases held that the date of the accident was not the proper starting date for limitations purposes because this would render the purpose of uninsured motorist coverage inoperable. *Kraly,* 69 Ohio St.3d at 635, 635 N.E.2d at 328–329; *Kuhner,* 98 Ohio App.3d at 698, 649 N.E.2d at 848.

In *Kraly,* the Kralys were injured on June 4, 1988 in an automobile accident between their vehicle and that of an insured tortfeasor. On December 26, 1989, the Kralys filed suit against the tortfeasor, who had in effect a policy of automobile liability insurance. The Kralys also had in effect uninsured and underinsured motorist coverage through their own automobile insurer. The Kraly's policy provided that legal action must be brought within two years of the date of the accident. On February 12, 1990, three and one half months before the time limitations period expired, the Kralys learned that the tortfeasor's insurance company had become insolvent. The Kralys thereafter filed a claim with their insurance company for uninsured motorist coverage. The insurance company denied the claim on July 5, 1990, finding it untimely filed. On August 3, 1990, the Kralys tried to amend their original cause of action filed against the tortfeasor to include a claim against their own insurance company for uninsured motorist coverage. The trial court granted summary judgment for the insurer, finding that the Kralys failed to bring the uninsured motorist claim within two years of the date of the accident.

In finding the two-year limitation in the policy unreasonable, the Ohio Supreme court held that:

"[T]he validity of a contractual period of limitations governing a civil action brought pursuant to the contract is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation accrues. Where the liability insurer of a tortfeasor has been declared insolvent, a right of action of an insured injured by the tortfeasor against his

insurer under the uninsured motorist provision of his automobile insurance contract accrues on the date that the insured receives notice of the insolvency. Accordingly, a provision in a contract of insurance which purports to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expires before or shortly after the accrual of the right of action for such coverage is *per se* unreasonable and violative of the public policy of the state of Ohio as embodied in R.C. 3937.18." *Kraly,* 69 Ohio St.3d at 635, 635 N.E.2d at 329.

In *Kuhner,* the insureds were injured in an automobile accident in 1987. The tortfeasor carried liability insurance in the amount of $50,000. The Kuhners carried their own liability and underinsured motorist coverage with limits of $100,000 per person and $300,000 per accident. Wanda Kuhner's injuries from the accident caused her condition to deteriorate over the years, and her medical expenses increased as well. On December 11, 1991, the insureds sought the consent of their own insurance company to settle their claim with the tortfeasor's insurance company for $48,500 so that they could preserve their right to underinsured motorist coverage. The Kuhners' insurance company notified the Kuhners that they could not deny or approve any settlement, as the Kuhners failed to timely notify them of an underinsured claim within two years of the accident as required in their policy. The Kuhners accepted the settlement and accepted another $25,000 from another driver involved in the accident, receiving a total of almost $75,000. The Kuhners filed a declaratory judgment action against their own insurance company for underinsured motorist benefits, and the trial court found in their favor.

The court of appeals upheld the trial court and relied on *Kraly* to find the two-year time limitation provision unrealistic when the policy also required exhaustion of all other forms of insurance before the insured accrued rights to payment for underinsured motorist coverage. *Kuhner,* 98 Ohio App.3d at 698, 649 N.E.2d at 848. The court found it unrealistic to assume that exhaustion would occur within two years of the accident. *Id.*

We find *Kraly* and *Kuhner* distinguishable from the instant case. Not only are the cases factually dissimilar, but they also involve insureds who possessed otherwise viable claims against their insurers but who were unreasonably time-barred from asserting the claims because of additional steps the policies required them to take before asserting a right. The circumstances causing these insureds to turn to their uninsured/underinsured motorists benefits were both outside of the control and outside of the immediate knowledge of the insureds. Appellant in the instant case did not possess an otherwise viable claim except to challenge the physical contact requirement of her policy, as *Girgis* did. Appellant had to undertake no further steps. She could have filed such a challenge within the statutory period, as she possessed both control of the claim and the knowledge

that she needed to file under her uninsured motorists coverage. Further, while *Kraly* and *Kuhner* found two-year limitation periods unreasonable, the cases do not overrule *Miller* and appear limited to policies requiring these mandated additional steps that could not possibly occur within two years of the accidents. Additionally, the Ohio Supreme Court distinguished underinsured from uninsured motorist coverage in *Ross, supra,* 82 Ohio St.3d at 285, 695 N.E.2d at 734–735, and while *Kraly* involved a subsequent change in the law as in the instant case, the Ohio Supreme Court limited the case to its unique facts. *Ross, supra,* at 285–286, 695 N.E.2d at 734–736.

Appellant also attempts to assert that the facts of *Girgis* are so similar to her own that *Girgis* should apply to allow her cause of action to accrue beyond the contractual limitations period in her insurance policy with appellee. In both cases, the insureds were injured in one-car accidents without physical contact with the other motorists. The uninsured motorist provisions in both policies contained physical contact requirements as well as time limitations within which to file suit. However, one crucial difference exists between *Girgis* and the instant case. Although the insured's vehicle in *Girgis* did not have physical contact with the uninsured motorist, a lawsuit was filed within the insurance policy's time limitations to preserve the insured's rights and to challenge the enforceability of the physical contact requirement. Appellant in the instant case chose not to file, not to preserve her rights, and now wants to ride the coattails of the *Girgis* insureds who did comply with the limitations period within their policy.

Appellant cannot do so. From the language of the policy, appellant did not have a claim her insurance company would recognize during the contractual limitations period because no "physical contact" existed to render the uninsured provision applicable. However, appellant had available to her the same procedure the *Girgis* insureds used if she believed she had a viable claim to challenge this requirement. Further, the contractual limitations period specifically stated in the arbitration clause that if a dispute over the right to recover damages existed between the insured and the insurer, the insured must demand arbitration and this demand must be made within two years of the accident. Appellant could have and should have preserved her claim to challenge the physical contact requirement under this provision.

The court in *Veloski v. State Farm Mut. Auto. Ins. Co.* (1998), 130 Ohio App.3d 27, 719 N.E.2d 574, faced an issue similar to the issue that we face today. In that case, Kathleen Veloski was injured on July 14, 1992 when an unidentified driver ran her car off the road. No contact occurred between Veloski's vehicle and that of the unidentified driver. Veloski had uninsured motorist coverage, which provided that any arbitration or suit against the insurance company would be barred unless it was commenced within two years after the date of the accident.

On August 3, 1992, Veloski's attorney sent a letter to the insurance company relating the accident and injuries and acknowledging that no physical contact existed and that no claim would be made. On July 23, 1996, after the Ohio Supreme Court's decision in *Girgis*, Veloski's attorney wrote the insurance company requesting that her case be reopened. The insurance company denied the request and denied uninsured motorist coverage. After Veloski filed suit, the trial court granted the insurance company's motion for summary judgment.

Veloski argued on appeal that the two-year limitation in the policy was contrary to public policy and that not tolling the limitations period violated the legislative purpose of uninsured motorist coverage to place an insured in the same position as if the tortfeasor were insured. The court of appeals upheld the granting of summary judgment for the insurance company and found that Veloski's claim was time-barred, as it was not filed with the required two-year period. *Id.*

The court found no authority to hold that the two-year limitations period violated public policy and cited *Miller, supra,* to find the two-year period reasonable. *Id.* The court also held that the policy behind uninsured motorist coverage was not violated, because even though Veloski no longer possessed a contractual claim against her insurance company, she still possessed a viable claim against the tortfeasor. *Id.*

In *Squire v. Castle Ins. Co.*, the court also found that an insured's failure to preserve a claim within the two-year contractual period of limitations in the insurance policy barred her from pursuing the claim when the law changed three years after her accident. (Dec. 13, 1996), Trumbull App. No. 96–T–5399, unreported, 1996 WL 761232. Although the issue was not the physical contact requirement at issue in the instant case, we agree with the rationale of the decision. The court found that most Ohio courts hold that a cause of action accrues on the date that the insured suffers an injury or discovers the injury. *Id.* The court further held that the accrual date will not be affected by the fact that the claim was not recognized under Ohio law on the date of the injury. *Id.,* citing *Brady Lake v. Kent* (Nov. 3, 1995), Portage App. No. 94–P–0047, unreported, 1995 WL 803615. The court stated:

"[A] cause of action accrues when the injury occurs, even if the cause of action has not been recognized under Ohio law at that time. Moreover, if the running of the applicable statute of limitations ends before the cause of action is recognized, the cause of action of the injured party is extinguished and cannot be resurrected even after the cause of action is recognized." *Id.*

We agree with *Veloski* and *Squire, supra,* and adopt the holding in *Carter v. Am. Aggregates Corp.* (1992), 82 Ohio App.3d 181, 611 N.E.2d 512, that

a change in a common-law ruling by the Ohio Supreme Court does not begin a new statute of limitations relating to those injuries occurring and completed prior to the decision. *Id.* at 82 Ohio App.3d at 184–186, 611 N.E.2d at 515–516. The Ohio Supreme Court has held that "[w]here the time for commencing an action has expired due to the running of the statute of limitations, an amendment lengthening the statute of limitations, which is effective after the period of limitations has run, does not revive the cause of action * * *." *Buckeye Candy & Tobacco Co. v. Limbach* (1986), 28 Ohio St.3d 40, 41–42, 28 OBR 99, 100–101, 501 N.E.2d 1202, 1203, quoting *Cox v. Dept. of Transp.* (1981), 67 Ohio St.2d 501, 505, 21 O.O.3d 313, 315–316, 424 N.E.2d 597, 601. Similarly, a change in caselaw should not revive a cause of action or extend a contractual period of limitations to revive the claim. See *Squire, supra.*

To allow a cause of action to extend years beyond the contractual time limitation would render contract provisions ineffective and discourage parties from entering into contracts. Further, it would allow insureds to "sit on their claims indefinitely while waiting for the law to change." *Veloski,* 130 Ohio App.3d at 30, 719 N.E.2d at 526. Accepting appellant's assertions, we would not only have to allow her claim, which actually occurred in 1991, five years before *Girgis,* but we would also have to allow every insured whose insurance policy contained an actual physical contact requirement to bring a claim, despite the many years that may have passed since the injury, despite the language of the policy and the legality of the policy at the time, and despite the insured's failure to preserve his or her rights or to otherwise comply with the contractual provisions of the insurance policies. To allow such an occurrence "would eliminate any possibility of finality in old controversies or long-rejected insurance claims, and is simply not comparable to standard application of retroactivity of court decisions in other instances. The tolling of any statute of limitations in this manner, be it statutory or contractual, would in effect leave all unadjudicated controversies open for future lawsuits in the uncertain and even infinite future. This would entirely defeat the purpose of a statute of limitations as a mechanism to prevent fraudulent, stale, or lapsed claims from springing up after long intervals at a time when proper adjudication is no longer feasible." *Motz v. Erie Ins. Co.* (Mar. 12, 1996), Franklin App. No. 95APE09–1144, unreported, 1996 WL 112648, citing generally, *Douglas v. Corry* (1889), 46 Ohio St. 349, 21 N.E. 440.

Additionally, in the cases that the Ohio Supreme Court has remanded for trial consistent with its *Girgis* decision, the insureds had filed claims within two-year time limitation periods from the date of the accident or injury. See *Wilburn v. Allstate Ins. Co.* (Mar. 13, 1995), Butler App. No. CA94–06–135, unreported, 1995 WL 103326; *Troutman v. Allstate Ins. Co.* (July 26, 1995), Summit App. No. 17086, unreported, 1995 WL 453364; *Girgis v. State Farm Mut. Auto. Ins. Co.*

(Dec. 1, 1994), Cuyahoga App. No. 66970, unreported, 1994 WL 676613. Only one case fails to specify if a timely action was filed, but the issue was not raised or otherwise addressed on appeal. See *Ramsey v. Auto–Owners Ins. Co.* (Dec. 9, 1994), Lucas App. No. L–94–156, unreported, 1994 WL 686911.

In *Bobovnik v. Metro. Property & Cas. Ins. Co.*, 117 Ohio App.3d 578, 581, 690 N.E.2d 1353, 1355–1356, this court applied *Girgis* to a 1993 automobile accident with no physical contact and found that the absolute requirement of physical contact was against public policy as per *Girgis, supra.* We found that the insured was entitled to uninsured motorist coverage because he met the *Girgis* corroborative evidence test. The record showed that the insurance company did not dispute that the insured's injuries arose from a chain of events set in motion by an unidentified tortfeasor who made no contact with him. *Id.* Again, the difference between the instant cause and *Bobovnik, supra,* is that the insured in *Bobovnik* preserved his rights by filing a timely claim with the insurance company and then filing for declaratory judgment on November 29, 1993, when the company denied uninsured motorist coverage. *Id.* at 579–580, 690 N.E.2d 1353, 1354–1356. This court also interpreted the Ohio Supreme Court's decision in *Girgis* to be a modification of *Rowe, supra,* as we do today. *Id.* at 581, 690 N.E.2d 1353, 1355–1356.

█ Additionally, the letter from appellant's counsel to appellee on September 27, 1993 did not preserve appellant's claim for uninsured motorist benefits. The letter was not a "legal action" so as to comply with the two-year legal action limitations period and was not a demand for arbitration to determine appellant's right to recover damages. The letter merely acknowledged that no physical contact existed and stated that a claim *might* be filed in the future. We find this insufficient.

█ We also find that the *Peerless* doctrine and our holding in *Lanza–Costlow v. State Farm Fire & Cas. Co.* (1996), 115 Ohio App.3d 106, 684 N.E.2d 742, do not operate to retrospectively apply *Girgis* to appellant's case. In *Peerless*, the court held that "[t]he general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 411, 129 N.E.2d 467, 468. We applied this holding in *Lanza–Costlow.* However in *Girgis*, the court did not overrule former law but specifically stated that it modified the law by replacing the actual physical contact requirement allowed in *State Auto. Mut. Ins. Co. v. Rowe* (1986), 28 Ohio St.3d 143, 28 OBR 238, 502 N.E.2d 1008, with the "corroborative evidence test," finding that if independent third-party testimony exists that the negligence of the unidentified vehicle was the proximate cause of the accident, an uninsured motorist claim can proceed.

For all of the foregoing reasons, we find that the assignment of error advanced by appellant is without merit. Accordingly, the trial court judgment is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and VUKOVICH, JJ., concur.